## 62035. GRAPHIC MACHINERY, INC. v. H. M. S. DIRECT MAIL SERVICE, INC.

DEEN, Presiding Judge.

Graphic Machinery, Inc., appeals from the dismissal for lack of jurisdiction of its complaint alleging breach of contract. Appellee's president filed an affidavit which states that he saw appellant's product advertised in a nationally distributed trade magazine and placed a telephone call from Buffalo, New York, to appellant's office in Georgia to request further information. Shortly thereafter, he received the information and an order form in the mail. Without any negotiations, H. M. S.'s president executed the order form and mailed it to Graphic along with the first payment. The machine was subsequently shipped to appellee in New York State. After discovering functional problems with the machine, H. M. S.'s president telephoned Graphic advising them of the problem. Graphic sent an agent to New York in an attempt to solve the machine's problems. Appellee's president further stated that at no time has any

agent, officer, or representative of H. M. S. been present in the state of Georgia for any purpose, business related or otherwise, and it has never conducted any business in the state of Georgia. *Held:*

Code Ann. § 24-113.1 provides in pertinent part as follows: "A court of this State may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this section, in the same manner as if he were a resident of this State, if in person or through an agent, he: (a) Transacts any business within this State." Subparagraphs (b) and (c) of this code section which refer to the commission of tortious acts or injuries are not applicable to the present case.

In *O. N. Jonas Co. v. B & P Sales Corp.*, 232 Ga. 256 (206 SE2d 437) (1974), the Supreme Court looked to the contacts necessary to determine whether a non-resident corporation was transacting any business within the meaning of the long-arm statute (Code § 24-113.1). In *Jonas,* the appellant sold manufactured products to the appellees. As in the present case, the merchandise which was purchased pursuant to telephone orders or by mail was shipped to a non-resident corporation outside of Georgia. Unlike the present case, however, agents of the non-resident corporation came into Georgia to visit the appellant's plant. The court found insufficient contacts in Georgia to support the exercise of long-arm jurisdiction and held "[u]nder the facts of this case the appellees have not transacted 'any business within the state' and the exercise of jurisdiction over them by the courts of this state would offend traditional fairness and substantial justice." *Id.* at 259. We therefore find that appellees in the present case, who had absolutely no contact within this state other than to place an order with a Georgia corporation, did not transact any business in this state within the meaning of the long-arm statute.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1981.

*C. Lawrence Thompson,* for appellant.
*Nicholas C. Moraitakis,* for appellee.