63809. SUPERIOR FERTILIZER & CHEMICAL, INC. v. WARREN.

BIRDSONG, Judge.

Long Arm Jurisdiction—Open Account. Charles Warren d/b/a Warren Farms, jointly farmed acreage with a partner (sharecropper) in Lee County, Florida. Warren himself is a long time and permanent resident of Cook County, Georgia. Over a period of several years antecedent to April 1977, Warren purchased fertilizer and chemical products for use on his farm in Lee County, Florida. Apparently because of economic reversals, Warren became seriously delinquent in payments on an open account with Superior Fertilizer and Chemical, Inc. It is uncontested that in April 1977, Superior obtained

a $50,697.12 judgment (in default) against Warren in the Circuit Court of the Thirteenth Judicial Circuit of Florida located in Hillsborough County, Florida, the county in which Superior maintained its place of business. Over the next two years, Warren made numerous payments on the judgment amounting to $32,500 reducing the judgment indebtedness to $18,670.61. Warren made no further payments after 1978 on the judgment or open account upon which the judgment was based. Superior then brought the present suit in Cook County seeking to perfect its Florida judgment against Warren in Cook County. Warren defended by asserting that the Florida court in Hillsborough County lacked jurisdiction and venue over his person. Superior amended its complaint to allege a second count seeking recovery on the theory of open account. Warren acknowledged the indebtedness but maintained that the suit was filed over four years after the last entry on the open account and thus the complaint on open account was barred by the running of the statute of limitations. While Superior introduced without objection the entire default judgment from the Florida court, it never presented as evidence any of the Florida statutes supporting the exercise of the Florida Long Arm Statute. The trial court granted a directed verdict to Warren in relation to the perfection of the Florida default judgment and submitted as the sole issue to the jury on the open account the question whether a new agreement existed between the parties so as to toll the statute of limitations. The jury returned a verdict in favor of Warren. Superior brings this appeal enumerating as error the direction of the verdict in favor of Warren. *Held:*

Superior enumerates as error the finding by the trial court that the Florida court did not have jurisdiction over Warren under the Long Arm Statute; that the Florida court did not have venue over Warren; that the court erroneously applied the provisions of the Georgia Long Arm Statute; and the trial court erred in failing to grant full faith and credit to the Florida judgment. Each of these enumerations stands or falls upon whether the appellant properly proved the Florida judgment.

Personal jurisdiction is necessary before a judgment from a foreign jurisdiction can be given full faith and credit. *Boggus v. Boggus,* 236 Ga. 126, 129 (223 SE2d 103), *Capital Bank of Miami v. Levy,* 151 Ga. App. 819, 821 (261 SE2d 722). Where jurisdiction is neither alleged nor proved in a default judgment entered in the foreign jurisdiction, the defendant in a suit to perfect the foreign judgment in the defendant's resident forum is fully at liberty to contest collaterally the issue of jurisdiction in the foreign judgment. *Process Systems v. Dixie Packaging Co.,* 137 Ga. App. 452 (224 SE2d 103). In this case Superior did introduce the Florida judgment which

on its face made reference to the provisions of the Florida Long Arm Statute. However, the content of those statutes was never offered into evidence and, in fact, counsel candidly admitted that admissible copies of the Florida statute were not available in the courtroom. The trial court refused (and properly so) to take judicial notice of the laws of the foreign jurisdiction. Thus there can be no cognizable argument that the Florida Long Arm Statutes were before the court.

In his attack upon jurisdiction, Warren offered evidence that while he did in fact order fertilizer and farm chemical supplies from Superior, he dealt primarily with Superior's local Lee County agent. Superior offered evidence that all of Warren's business was telephoned to Hillsborough County from Lee County. The only evidence of Warren's presence in Hillsborough County showed that after the judgment had been obtained in 1977, Warren made one appearance in May 1978 to give several checks for staggered deposit to be applied against the $50,000 judgment.

In the absence of competent evidence of the Florida Long Arm Statute, it was appropriate (and indeed, required) that the trial court apply the Georgia Long Arm Statute. *Borg-Warner Health Products v. May,* 154 Ga. App. 482, 483 (2) (268 SE2d 770); *Berry v. Jeff Hunt Machinery Co.,* 148 Ga. App. 35 (2) (250 SE2d 813). Code Ann. § 24-113.1 provides in substance that a court of this state may exercise personal jurisdiction over a nonresident as to a cause of action arising out of acts in the same manner as if he were a resident of Georgia, if he transacts business in Georgia. However, this court has restricted the trial court's jurisdiction to litigate only those causes which properly arise within the venue of the court. The Georgia Long Arm Statute thus has been interpreted as establishing venue for contractual claims only for those arising in the county where business was transacted. *C-R-S v. M. J. Soffe Co.,* 146 Ga. App. 200 (245 SE2d 884). Because the trial court was required to apply Georgia's statute, the question of venue in Hillsborough County, Florida was a proper matter for resolution. Superior showed only that telephonically entered orders were received in Hillsborough County from Warren and that Warren was in Hillsborough County on only one occasion and that to surrender money. We conclude, as did the trial court that telephonic orders and one brief appearance at the home office which was not necessary to the establishment of the contract do not constitute those minimal contacts necessary to establish venue in Hillsborough County. *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256 (206 SE2d 437); *Graphic Machinery v H. M. S. Direct Mail Service,* 158 Ga. App. 599, 600 (281 SE2d 343). There being no evidence of proper venue in Hillsborough County, the trial court did not err in directing a verdict in favor of Warren as to the enforcement

of the Florida judgment. Likewise it was not error to refuse to apply full faith and credit to a judgment which when measured by Georgia law was improperly obtained in a foreign jurisdiction. See *Souchak v. Close,* 132 Ga. App. 248, 251 (207 SE2d 708). Appellant has raised no issue as to the propriety of the jury verdict on the open account. Thus, we find no meritorious enumerations of error warranting a new trial.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 16, 1982 —

*Hoke Smith III,* for appellant.
*N. Dale English,* for appellee.