68993. CAPITAL ASSOCIATES, INC. v. GALLOPADE ENTERPRISES INTERNATIONAL, INC.
(323 SE2d 842)

BANKE, Presiding Judge.

The plaintiff-appellant sued to recover damages for the defendant-appellee's alleged failure to make rental payments in accordance with the terms of a lease agreement pertaining to a copying machine. This appeal is from the grant of the defendant's motion to dismiss for lack of personal jurisdiction.

The defendant's business is located in Greenville, S. C., and it ordered the copier in that state. Although the defendant's president averred that she placed the order through a company known as Ac-

tion Copy Systems, Inc., and that no mention was made of any involvement by the plaintiff in the transaction, the lease contract was subsequently accepted by the plaintiff at its office in Atlanta, Georgia; and the defendant subsequently complied with instructions to mail the rental payments directly to the plaintiff's office. The plaintiff contends that the trial court was authorized under these circumstances to exercise "long-arm" jurisdiction over the defendant pursuant to OCGA § 9-10-91 (1). *Held:*

"Mere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state [are] insufficient to establish the purposeful activity with Georgia required by the 'Long Arm' Statute. [Cits.]" *Wise v. State Board &c. of Architects*, 247 Ga. 206, 209 (274 SE2d 544) (1981). Absent any evidence that the defendant negotiated the lease agreement in this state, or signed it here, or otherwise transacted business here, the court acted properly in dismissing the complaint for lack of personal jurisdiction. Accord *Superior Fertilizer & Chemical v. Warren*, 162 Ga. App. 595, 597 (292 SE2d 430) (1982); *Graphic Machinery v. H. M. S. Direct Mail Service*, 158 Ga. App. 599, 600 (281 SE2d 343) (1981).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 31, 1984.

*Marshall H. Jaffe*, for appellant.
*Wayne B. Magnum*, for appellee.