70616. COMMERCIAL FOOD SPECIALTIES, INC. v. QUALITY
FOOD EQUIPMENT COMPANY et al.
(338 SE2d 865)

McMURRAY, Presiding Judge.

Commercial Food Specialties, Inc. purchased equipment from the defendants and later brought this action to recover damages arising out of the defendants' alleged failure to deliver the specified equipment. This appeal is from the grant of the defendants' motion to dismiss for lack of personal jurisdiction. *Held*:

The defendants' business is located in California and the plaintiff is a Georgia corporation whose office is located in Atlanta, Georgia. The plaintiff contacted the defendants in California concerning the purchase of the equipment in response to a general sales brochure circulated via mail by the defendants. The plaintiff ordered the equipment and the defendants shipped the equipment to the plaintiff in Atlanta. The trial court found that the entire transaction "was accomplished solely by means of long distance telephonic communications and the use of mails and other instrumentalities of interstate commerce." The plaintiff argues that under these circumstances the trial court was authorized to exercise "long arm" jurisdiction over the defendants pursuant to OCGA § 9-10-91 (1). We do not agree.

There is no evidence that the defendants negotiated the equipment-purchase agreement in this State, or otherwise transacted business here. Therefore, the court acted properly in dismissing the plaintiff's complaint for lack of personal jurisdiction. See *Capital Assoc. v. Gallopade Enterprises Intl.*, 172 Ga. App. 504, 505 (323 SE2d 842). " 'Mere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state (are) insufficient to establish the purposeful activity with Georgia required by the "Long Arm" Statute. [Cits.]' *Wise v. State Board &c. of Architects*, 247 Ga. 206, 209 (274 SE2d 544) (1981)." *Capital Assoc. v. Gallopade Enterprises Intl.*, 172 Ga. App. 504, 505, supra.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 16, 1985 —
REHEARING DENIED NOVEMBER 20, 1985.

*Tony Center*, for appellant.
*P. Kevin Walther*, for appellees.