73392. FLINT v. GUST et al.
(351 SE2d 95)

BANKE, Chief Judge.

The appellant sued the appellees, a Wisconsin corporation and its president, to recover damages for fraud and conversion based on their alleged conduct of a "bait-and-switch" operation involving the sale of customized vans and trucks. Jurisdiction over the appellees, neither of whom are Georgia residents, was predicated on subsection (3) of our Long Arm Statute, OCGA § 9-10-91, which is applicable by

its terms to tort actions arising from acts and omissions occurring outside the state which lead to injury inside the state. The appellant later amended his complaint to add a claim for breach of contract, predicating jurisdiction over the appellees with respect to that claim on subsection (1) of OCGA § 9-10-91, which applies if the nonresident defendant "[t]ransacts any business in this state." This appeal is from the grant of the appellees' motion to dismiss both counts of the complaint for lack of personal jurisdiction.

The appellant alleged that, acting in response to an ad appearing in a trade magazine distributed in this state, he had transmitted an order to the appellees in Wisconsin for a customized Ford truck and trailer, following which, in response to the appellees' requirements, he had remitted a cashier's check to them for $6,000 as a deposit on the vehicle. He further alleged that, after receiving this check, the appellees had attempted to substitute a different type of vehicle from the one he had ordered and had subsequently refused numerous demands by him for the return of his deposit.

In support of their motion to dismiss the complaint for lack of personal jurisdiction, the appellees submitted affidavits in which they denied that they regularly conducted or solicited business in Georgia, or engaged in any other persistent course of conduct within this state, or derived substantial revenue from goods used or services rendered in this state. Indeed, they denied that they had ever done any business at all in Georgia with the exception of the transaction at issue in this suit. *Held*:

1. The trial court was correct in concluding that it had no jurisdiction over the appellees with respect to the breach of contract claim. In a breach of contract action not involving real property located in this state (see OCGA § 9-10-91 (4)), jurisdiction over a nonresident defendant may be exercised by the courts of this state only upon a showing that the nonresident defendant "[t]ransacts any business in this state. . . ." OCGA § 9-10-91 (1). Jurisdiction over a nonresident exists on the basis of transacting business in this state only "if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285) (1973). It is well settled that an out-of-state defendant will not be deemed to have engaged in purposeful business activity in this state merely because he has advertised products for sale in national trade magazines circulating in this state and has accepted orders for such products which have been transmitted to him from this state by mail, telephone, or other instrumentality of interstate commerce in response to such advertisements. See *Commercial Food Specialties v.*

*Quality Food Equip. Co.*, 176 Ga. App. 892 (338 SE2d 865) (1985); *A.A.A. v. Lindberg*, 172 Ga. App. 753 (324 SE2d 480) (1984); *Graphic Machinery v. H.M.S. Direct Mail Svc.*, 158 Ga. App. 599 (281 SE2d 343) (1981). See also *Wise v. State Board &c. of Architects*, 247 Ga. 206 (2) (274 SE2d 544) (1981); *Capital Assoc. v. Gallopade &c.*, 172 Ga. App. 504 (323 SE2d 842) (1984). Compare *Hollingsworth v. Cunard Line, Ltd.*, 152 Ga. App. 509, 515 (263 SE2d 190) (1979).

2. The issue of whether the trial court had jurisdiction over the appellees with respect to the tort action is somewhat more problematical. The appellees established without dispute by their affidavits that they had neither engaged in any regular or persistent business activity in this state nor obtained substantial revenue from goods used or services rendered in this state. Therefore, jurisdiction over them clearly could not be predicated on OCGA § 9-10-91 (3), which authorizes the exercise of long-arm jurisdiction over a nonresident defendant who "[c]ommits a tortious injury in this state caused by an act or omission outside this state *if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. . . .*" (Emphasis supplied.) It follows that any jurisdiction which may exist over the appellees with respect to this litigation must exist pursuant to OCGA § 9-10-91 (2). By its terms, that subsection is applicable, without further restriction, to any nonresident defendant who "[c]ommit a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act. . . ."

The predecessor to OCGA § 9-10-91 (3) (former Code Ann. § 24-113.1 (c)) was enacted by the Legislature in response to prior decisions of this court adopting the "New York rule" in interpreting the predecessor to OCGA § 9-10-91 (2) (former Code Ann. § 24-113.1 (b)). See *Castleberry v. Gold Agency*, 124 Ga. App. 694 (185 SE2d 557) (1971); *O'Neal Steel v. Smith*, 120 Ga. App. 106 (169 SE2d 827) (1969). Under the "New York rule," a tort is deemed to have been committed within the state only if the tortious act or omission itself, and not merely the injury resulting therefrom, occurred therein. However, after the predecessor to OCGA § 9-10-91 (3) was enacted, our Supreme Court, in *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58 (195 SE2d 399) (1973), rejected the "New York rule" in favor of the "Illinois rule," pursuant to which a tort resulting in damage inside the state is deemed to have occurred inside the state regardless of where the tortious act or omission took place.

At first blush, the holding in *Coe & Payne Co. v. Wood-Mosaic Corp.* would appear to have made the transaction-of-business requirements set forth in OCGA § 9-10-91 (3) entirely superfluous. However, in *Clarkson Power Flow v. Thompson*, 244 Ga. 300, 301 (260 SE2d 9)

(1979), the Supreme Court held that "limitations similar to those present in subsection [(3)] are constitutionally mandated under subsection [(2)]." The Court elaborated as follows: "A nonresident defendant is subject to the jurisdiction of the Georgia courts only if he has established 'minimum contacts' in this state so that the exercise of jurisdiction is consistent with 'traditional notions of fair play and substantial justice.' *International Shoe Co. v. Washington*, 326 U. S. 310, 316 (1945) . . . *We thus conclude that there is no essential difference between subsections [(2)] and [(3)].*" Id. at 302. (Emphasis supplied.)

Interpreted literally, the effect of this holding would appear to be to engraft onto subsection (2) of OCGA § 9-10-91 the transaction-of-business requirements set forth in subsection (3), making the establishment of long-arm jurisdiction over any nonresident tortfeasor conditional upon a showing that the tortfeasor regularly conducted or solicited business in this state, or engaged in some other persistent course of conduct in this state, or derived substantial revenue from goods used or services rendered in this state. However, it is quite clear that such restrictions are not constitutionally mandated in all cases, particularly where the cause of action is based on tort. See *McGee v. Intl. Life Ins. Co.*, 355 U. S. 220 (78 SC 199, 2 LE2d 223) (1957); *Shellenberger v. Tanner*, 138 Ga. App. 399, 404 (227 SE2d 266) (1976); *Eyerly Aircraft Co. v. Killian*, 414 F2d 591, 597 (5th Cir. 1969). See generally Annot., Construction & Application of State Statutes or Rules of Court Predicating In Personam Jurisdiction over Nonresidents or Foreign Corporations on the Commission of a Tort Within the State, 24 ALR3d 532, § 2 (c), pp. 549-551. It is similarly apparent that the Georgia Supreme Court has never expressed any intention to renounce the principle, previously adopted in *Coe & Payne Co. v. Wood-Mosaic Corp.*, supra, as a corollary of the "Illinois rule," that this state's Long Arm Statute is to be interpreted so as to permit the exercise of jurisdiction over nonresident parties "to the maximum extent permitted by procedural due process." Id., 230 Ga. at 60. Accordingly, we must conclude that what the Supreme Court really meant in *Clarkson Power Flow v. Thompson*, supra, was simply that the exercise of long-arm jurisdiction is always conditional on the existence of constitutionally sufficient "minimum contacts" between the nonresident defendant and this state, regardless of which subsection of the statute is invoked as the basis for such jurisdiction. Having so interpreted the holding in *Clarkson Power Flow*, we reiterate our conclusion in *Shellenberger v. Tanner*, 138 Ga. App. at 411, supra, that, while the exercise of jurisdiction over a nonresident tortfeasor pursuant to OCGA § 9-10-91 (2) "requires some activity by [the] nonresident defendant in or with Georgia, . . . there is no engrafting on this 'tort' section the requirement that this activity amount to a

'transaction of business' within this state."

The appellees in the present case were alleged to have intentionally and fraudulently induced the appellant to send them a $6,000 deposit on a vehicle they did not intend to deliver to him. Such conduct goes well beyond the mere acceptance of an order for an item advertised in a national publication; and we have no hesitancy in holding that, being both intentional and specifically directed towards a Georgia resident, it would establish, if proved, a sufficient connection with this state to satisfy the "minimum contacts" requirement imposed by the due-process clause of the United States Constitution. Therefore, we hold that the trial court erred in granting the appellees' motion to dismiss the complaint with respect to the fraud and conversion claims. Accord *Marvin L. Walker & Assoc. v. A. L. Buschman, Inc.*, 147 Ga. App. 851 (250 SE2d 532) (1978).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1986 —
REHEARING DENIED NOVEMBER 20, 1986

*Ernest H. Woods III*, for appellant.
*William R. Oliver*, for appellees.