**W.S. McDUFFIE AND ASSOCIATES, P.C., a/k/a W.S. McDuffie and Associates, P.A., a Georgia professional corporation, Plaintiff,**

v.

**Kenneth OWENS, Jr., and Franklin D. Woods, d/b/a The Owens and Woods Partnership, an Alabama general partnership, Defendants.**

**No. 1:87–CV–2022–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 3, 1988.

Jack LaSonde, Atlanta, Ga., for plaintiff.

William Durham Barwick, James, Purnell, Groton, Sutherland, Asbill & Brennan, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Currently before the court in this tortious interference and intellectual property action are (1) Plaintiff's Motion for an Order Permitting Voluntary Dismissal Without Prejudice, (2) Plaintiff's Motion to Add a Party Defendant, (3) Plaintiff's Motion to Remand and (4) Defendants' Motion for a Protective Order that discovery not begin until the previous three motions are resolved.

## FACTS

This case arises from a dispute between two architectural firms which allegedly were contracted by the Claiborne County School Board, Claiborne County, Mississippi to provide design services for various educational structures.

### Procedural Background

Much of the controversy in the motions before the court turns on plaintiff's attempt to substitute the correct party defendant in its complaint. Plaintiff contends that prior to the filing of this case in Fulton County Superior Court, plaintiff was under the impression that the entity that allegedly committed the tortious acts was a partnership. Plaintiff's Exhibit 1 to Brief in Support of Motion to Remand. Plaintiff commenced this action in state court and on or about August 14, 1987 served defendants individually and as an Alabama general partnership.

Thereafter, on or about September 11, 1987, defendants removed this case to federal court based on diversity of citizenship. Defendants filed their answers, defenses and counterclaims on that date. In those pleadings, defendants denied that they constituted a partnership.

On September 23, 1987, the parties filed their Certificate of Interested Parties with the court which allegedly represented that defendants formed a general partnership.

On September 28, 1987, defendants filed a Notice of Amendment which sought to strike any reference to a partnership. Plaintiff thereafter came to believe that the proper party defendant to this action is "The Owens and Woods Partnership, P.C." ("Owens and Woods"), a professional corporation.

On November 6, 1987, this professional corporation filed suit against plaintiff pursuant to 22 U.S.C. § 2201 in the United States District Court for the Southern District of Mississippi, Jackson Division, Civil Action No. J 87–0631(W). Plaintiff alleges that the action there seeks a declaratory judgment on the same issues which are involved in this case.

Pursuant to plaintiff's motion and with defendant's consent, this court entered its November 17, 1987 order granting plaintiff's motion and providing for the voluntary dismissal without prejudice of plaintiff's claims against defendants and defendants' counterclaims. Plaintiff's motion further requested that the Owens and Woods Partnership, P.C. be added as a party defendant.

Defendants later informed the court that they would not have consented to the motion had they recognized that it included the addition of the new party defendant. This court in its December 14, 1987 order vacated the November 17, 1987 order.

*Jurisdictional Facts*

The several defendants removed this action from state court based on diversity of citizenship. The proposed new party defendant, Owens and Woods, as a non-party has made no allegation in this case regarding its place of incorporation or principal place of business. Plaintiff, however, has produced evidence that Owens and Woods did plead in the Mississippi action that it "is a professional corporation organized and existing under the laws of the State of Alabama with its principal place of business in the State of Alabama and a place of business in Hands County, Mississippi, and is a resident of Alabama." Plaintiff's Exhibit 2 to Brief in Support of Motion to Remand.

Defendants in opposing the addition of Owens & Woods to this action have produced the affidavits of Franklin D.R. Woods, Vice–President; Kenneth Owens, Jr., President; and Roosevelt Yarbrough, President of the Claiborne County School Board, Claiborne County, Mississippi. These affidavits establish two propositions: (a) that except for work performed in connection with a federal project in Robbins Air Force Base, Owens & Woods has performed no services in the State of Georgia; and (b) on or about March 7, 1987, the Claiborne County School Board contacted Owens & Woods and requested the firm to submit a proposal for a project at issue in this case. The corporation presented a proposal to the School Board in Port Gibson, Mississippi.

Negotiations between the parties were conducted entirely within Mississippi. No negotiations took place in Georgia by either correspondence or telephone. The parties executed the contract in Mississippi. The project is located entirely in Mississippi. All construction work is to be completed there. No construction work is to be conducted in Georgia. The design work has or will be completed in either Mississippi or Alabama. No design work was conducted in Georgia.

DISCUSSION

Plaintiff seeks to add the proper party defendant, "Owens and Woods Partnership, P.C." and to voluntarily dismiss its claims against the original defendants. Plaintiff apparently also seeks a court order dismissing these original defendants' counterclaims. Plaintiff seeks transfer of the Mississippi federal court case to this court and remand of both actions to Fulton County Superior Court.

1. *Motion Permitting Voluntary Dismissal*

As a preliminary matter the court GRANTS plaintiff's motion to voluntarily dismiss its claims without prejudice against those defendants enumerated in its motion. Defendants' counterclaims are based solely on the filing of plaintiff's suit. Plaintiff has demonstrated its good faith in correcting its pleadings by seeking to add the proper defendants, *See* Plaintiff's Ex. 1 and 2 to Brief in Support of Motion to Remand. As defendants have consented, the court DISMISSES defendants' counterclaims as well.

2. *Motion to Add Party Defendant*

Defendants oppose plaintiff's motion to add Owens & Woods on several grounds including: (1) once the present defendants have been dismissed, there is no pending claim to which Owens & Woods can be joined, (2) Owens & Woods is not subject to the personal jurisdiction of this court, (3) the controversy herein is the subject of a prior pending action and adding Owens & Woods would create duplicative litigation, (4) forum nonconveniens and (5) the court

will not have subject matter jurisdiction because of lack of diversity.

The court feels that defendants' objection to this court's exercise of personal jurisdiction over Owens & Woods is the only meritorious ground for denying plaintiff the opportunity to amend its complaint to add Owens & Woods as a party defendant.[1] Plaintiff, in essence, seeks to amend its complaint to add Owens & Woods as the party defendant. Rule 15(a), Fed.R.Civ.P. governs the amendment of pleadings. Rule 15 provides that "leave shall be freely given when justice so requires." However, leave need not be given under certain circumstances. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc ... leave should, as the rules require, be 'freely given' ". *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see*

*also Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir.1984).

If plaintiff cannot establish this court's personal jurisdiction over the proposed party defendant, then the defendant would ultimately have to be dismissed and adding this defendant would be futile. Under Rule 15, as well as Rule 19 pertaining to joinder, the movant has the burden of demonstrating the propriety of the amendment and joinder. The court must inquire as to whether it may properly exercise personal jurisdiction over the proposed new defendant.

The allegations and evidence recited by the court above indicate at a minimum that Owens & Woods, if added as a party, would become a nonresident defendant. There is no allegation by any party that Owens & Woods is a Georgia resident. In a diversity action, a federal court may exercise *in personam* jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state and by the due process constraints of the Fourteenth Amendment.[2] *Gold Kist, Inc. v.*

1. The court finds that defendants' first ground for opposing amendment is meritless. Defendants have answered plaintiff's complaint, therefore, Rule 41(a)(1) and (2) requires a court order granting voluntary dismissal. Furthermore, as long as the motion to add a party is before a court, that court retains jurisdiction over the entire matter. *See* Rule 21, Fed.R.Civ.P.

Regarding defendants' third ground of opposition, the court finds that the Mississippi declaratory judgment action was initiated after the filing of this action. It is true that this case was filed against allegedly improper parties, but the court in its discretion feels no compulsion under these circumstances to defer to the Mississippi court.

The court finds, as regards defendants' fourth ground of opposition arguing that this court constitutes a forum non-conveniens, that transfer to the Mississippi court would merely shift any inconvenience from the defendant to the plaintiff. *See* 28 U.S.C. § 1404(a).

As to defendants' fifth ground of opposition, the court feels this argument goes to the issue of remand for lack of diversity jurisdiction. Defendants seem not to oppose plaintiff's contention that no proper allegation of diversity exists to entitle proposed defendant Owens & Woods to maintain removal to this court. However, defendants argue that this lack of subject matter jurisdiction makes the proposed amendment adding Owens & Woods improper. The court

agrees but would decline to deny the amendment solely on this ground. Instead, the court would require a showing by Owens & Woods as to its proper place of incorporation and its principal place of business. Because of the court's holding as to lack of personal jurisdiction over Owens & Woods and the resultant futility of allowing amendment, the subject matter jurisdiction issue is moot.

2. The Supreme Court of Georgia has often indicated that Georgia courts may exercise personal jurisdiction over nonresident defendants "to the maximum extent permitted by procedural due process." *Coe & Payne Co. v. Wood–Mosaic Corp.*, 230 Ga. 58, 195 S.E.2d 399, 401 (1973); *Clarkson Power Flow, Inc. v. Thompson*, 244 Ga. 300, 260 S.E.2d 9, 10 (1979).

The due process requirements for exercising personal jurisdiction over a nonresident have been delineated in a familiar body of Supreme Court caselaw. *See Burger King v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Kulko v. Superior Court of California*, 436 U.S. 84 (1978); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Most recently, the court stated "[t]he constitutional touchstone remains whether a purposefully established 'mini-

*Baskin–Robbins Ice Cream Co.,* 623 F.2d 375, 377 (5th Cir.1980).

The Georgia Long–Arm Statute provides for the exercise of personal jurisdiction over any nonresident who in person or through an agent:

1) Transacts any business within [Georgia].
2) Commits a tortious act or omission within [Georgia] ...;
3) Commits a tortious injury in [Georgia] caused by an act or omission outside the state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from ... services rendered in [Georgia].

Ga.Off'l Code Ann. § 9–10–91.

Here, plaintiff alleges that it suffered a tortious injury in Georgia caused by the acts of Owens & Woods in Mississippi. Therefore, Section 9–10–91(3) applies to this case.[3] In *Bradlee Management Services, Inc. v. Cassells,* 249 Ga. 614, 618, 292 S.E.2d 717, 720 (1982), the Georgia Supreme Court held that where a nonresident defendant's contacts with Georgia do not fall within any of the specific minimum contacts required by Ga.Off'l Code Ann. § 9–10–91(3), Georgia courts may not exercise personal jurisdiction.

In *Shellenberger v. Tanner,* 138 Ga.App. 399, 227 S.E.2d 266 (1976), the Georgia Court of Appeals held that to be subject to the long-arm jurisdiction of the state under subsection (3), the nonresident must "(1) ... purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum.... (2) the plaintiff must have some legal cause of action against the nonresident, which *arises out of or results from, the activity or activities of the defendant within the forum;* and (3) If the requirements of Rules 1 and 2 are established, a 'minimum contact' between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process motions of 'fair play' and 'substantial justice.'" *Shellenberger* 138 Ga.App. at 405–05, 227 S.E.2d at 272. *See also Flint v. Gust,* 180 Ga.App. 904, 351 S.E.2d 95 (1986); *Payne v. Kristofferson,* 631 F.Supp. 39, 42 (N.D.Ga.1985) (Evans, J.).

As noted above, defendants have produced affidavit testimony of two officers of Owens & Woods and of the president of the Claiborne County School Board who testified that the transaction at issue in this case included no contact with Georgia whatsoever. Further, the affiant officers testified that the only business Owens & Woods ever transacted in Georgia was an unrelated project at Dobbins Air Force Base. It is undisputed that the tort action in this case did not arise out of, or result from the activity of the defendant in the State of Georgia. Plaintiff did not avail itself of the opportunity to reply to defendants' arguments and evidence on this ground. *See* Local Rule 220–1(b)(2). Plaintiff has made no indication that it can fulfill the "arising from" requirement in this case. Plaintiff has not met defendants' challenge to the court's personal jurisdiction over the proposed party defendant; and therefore, cannot meet its burden that an amendment adding Owens & Woods would not be futile. *See* Rule 15(a), Fed.R. Civ.P. This court declines to permit amendment to add a party where upon challenge there is no indication that this court will properly be able to exert personal jurisdiction over that party once it is added.

---

mum contacts' in the forum state" *Burger King,* 105 S.Ct. at 2183.

**3.** Courts have speculated that section (1), the "transacting business" requirement may apply to tort cases in addition to its traditional application to contracts cases. *See Spelsberg v. Sweeney,* 514 F.Supp. 622, 625–26, n. 2 (S.D.Ga.1981). Even assuming that section (1) applies here, the standard to be applied is identical to that in section (3): "if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional notions of fairness and substantial justice." *Id.* at 626; *see Davis Metals, Inc. v. Allen,* 230 Ga. 623, 625, 198 S.E.2d 285 (1973).

## CONCLUSION

The Court DENIES plaintiff's motion to add a Party Defendant; and as no defendant remains, DISMISSES the action. This action by the court MOOTS Plaintiff's Motion to Remand and Defendants' Motion for a Protective Order. This action terminates the case.