A98A2295. ETS PAYPHONE, INC. v. TK INDUSTRIES et al.
(513 SE2d 257)

BLACKBURN, Judge.

ETS Payphone, Inc. appeals from the trial court's dismissal, for lack of personal jurisdiction, of its complaint against TK Industries for breach of contract and fraud. TK Industries, a non-resident of Georgia, is not subject to personal jurisdiction under the Long Arm Statute, specifically OCGA § 9-10-91 (1) or (3), and therefore, we affirm.

On a motion to dismiss for lack of personal jurisdiction, a "[d]efendant bears the onus of proving lack of personal jurisdiction. *Easterling v. Easterling*, 231 Ga. 90, 91 (1) (200 SE2d 267) [(1973)]. If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits

are resolved in favor of the exercise of jurisdiction, and the appellate standard of review is non-deferential. *Scovill Fasteners v. Sure-Snap Corp.*, 207 Ga. App. 539, 540 (428 SE2d 435) [(1993)]." (Punctuation omitted.) *Intl. Capital Realty Investment Co. v. West*, 234 Ga. App. 725, 727 (1) (507 SE2d 545) (1998).

Viewing the facts in the light most favorable to the exercise of personal jurisdiction, the record shows that TK Industries, a Florida corporation, is in the business of acquiring and selling payphone routes. Kim Neill, Chief Executive Officer of TK Industries, learned that ETS Payphone might be interested in purchasing a certain route located in New York State. Previously, on her only visit to ETS Payphone's office, Neill had expressed a general interest in doing business with ETS Payphone. Neill contacted ETS Payphone by telephone from Florida about the New York route. Thereafter, ETS Payphone and TK Industries entered into a letter of intent and agreement with regard to the New York route. All communications or negotiations for the letter of intent took place either by mail or by phone.

The letter of intent provided for a surety deposit in the amount of $25,000. It further provided, in part, "[t]he deposit amount shall be placed in a non-interest bearing escrow account, and shall be maintained for a period of fifteen (15) days to allow ETS the review of income and expense information, as well as to inspect payphone location sites. ETS shall notify [TK Industries] of their intention to purchase the aforementioned route within fifteen (15) days of the date of deposit or forfeit the deposit in full." ETS Payphone did not notify TK Industries of its intent to purchase within the specified time, and TK Industries then forfeited the deposit. ETS Payphone subsequently filed suit for breach of contract, fraud and conversion against TK Industries and Kim Neill in Douglas County Superior Court.

1. ETS Payphone contends the trial court erred by dismissing the complaint, arguing that personal jurisdiction could be based on the breach of contract claim. The trial court properly found that it had no jurisdiction over TK Industries or Kim Neill with respect to the breach of contract claim. "In a breach of contract action . . . jurisdiction over a nonresident defendant may be exercised by the courts of this state only upon a showing that the nonresident defendant transacts any business in this state. OCGA § 9-10-91 (1). Jurisdiction over a nonresident exists on the basis of transacting business in this state only if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice. *Davis Metals v. Allen*, 230 Ga. 623,

625 (198 SE2d 285) (1973)." (Punctuation omitted.) *Flint v. Gust*, 180 Ga. App. 904, 905 (1) (351 SE2d 95) (1986), rev'd on other grounds, *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987).

There is no evidence that TK Industries or Kim Neill negotiated the letter of intent in this state or otherwise transacted business here. Neill's single visit to Georgia is insufficient to establish jurisdiction over either her or TK Industries. *Mayacamas Corp. v. Gulf-stream Aerospace Corp.*, 190 Ga. App. 892 (1) (380 SE2d 303) (1989). Furthermore, it is undisputed that all of the negotiations for the letter of intent took place on the phone or via mail or fax. It is well settled that an out-of-state defendant will not be deemed to have engaged in purposeful business activity in this state on the basis of telephone or mail contact. Id. See *Beverage Mgmt. Solutions v. Yankee Spirits*, 218 Ga. App. 95 (1) (460 SE2d 564) (1995) (out-of-state negotiations which led to a signed contract were insufficient to establish purposeful activity); *Commercial Food Specialties v. Quality Food Equip. Co.*, 176 Ga. App. 892 (338 SE2d 865) (1985) (no personal jurisdiction where the contact was based solely on telephone and mail communications); *O. N. Jonas Co. v. B & P Sales Corp.*, 232 Ga. 256 (206 SE2d 437) (1974) (defendant had not transacted any business within the state where transaction based on phone and mail orders).

2. The trial court also properly found that it had no jurisdiction over TK Industries or Kim Neill with respect to the tort claims. The applicable provision of the Long Arm Statute provides: "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: . . . (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." OCGA § 9-10-91 (3).

The unrebutted affidavit of Kim Neill shows that TK Industries, a Florida corporation, has no agent in Georgia and is not authorized to do business in Georgia. Additionally, neither she nor TK Industries regularly conducts business in Georgia, derives substantial income from services rendered in Georgia or engages in a persistent course of conduct within Georgia. That evidence "clearly establish[es] that [TK Industries and Kim Neill] have done none of the acts set forth in OCGA § 9-10-91 which must be done in order to subject them to personal jurisdiction of a Georgia court. . . . The rule that controls is our statute, which requires that an out-of-state defendant must do certain acts within the State of Georgia before he can be sub-

jected to personal jurisdiction. Where, as here, it is shown that no such acts were committed, there is no jurisdiction." *Gust v. Flint*, 257 Ga. at 130.

3. TK Industries' motion to dismiss the appeal is denied.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 1, 1999 —

*Glenville Haldi*, for appellant.
*Gorby & Reeves, Michael J. Gorby*, for appellees.