## A00A1418. HTL Sp. Z O.O. v. NISSHO CORPORATION.
(538 SE2d 525)

ANDREWS, Presiding Judge.

HTL Sp. Z O.O. (HTL) sued Nissho Corporation (Nissho) and Gainor Medical U.S.A., Inc. (Gainor) in Henry County for breach of a distribution contract. The trial court granted Nissho's motion to dismiss in which Nissho claimed that, as a nonresident corporation, it was not subject to personal jurisdiction in Georgia under Georgia's long-arm statute. We reverse the trial court because the record shows that Nissho transacted business in Georgia related to the suit at issue and had sufficient minimum contacts with the State to justify the exercise of personal jurisdiction under the long-arm statute, OCGA § 9-10-91 (1).

Nissho, a nonresident corporation located in Japan, entered into a distribution contract with HTL, a limited liability company located in Poland, and with Gainor, a corporation located in McDonough, Georgia. Under the contract HTL agreed to manufacture large quantities of a medical device it invented used to draw human blood for testing, and Nissho and Gainor agreed to purchase certain minimum quantities of the device from HTL for resale and were granted exclusive rights to sell the device worldwide. The contract provided that Georgia law would govern any disputes.[1] The suit by HTL brought in Henry County Superior Court alleged that Nissho and Gainor breached the contract by failing to purchase the agreed minimum amounts of the device and by failing to use sufficient efforts to sell the device.

In support of its motion to dismiss, Nissho provided an affidavit from a Nissho representative stating that it did not sell any of the devices in Georgia or elsewhere, that none of its agents or employees

---

[1] Although the parties also agreed under the contract that any legal proceedings would be brought in the U. S. District Court in Atlanta, it is undisputed that HTL cannot sue Nissho in the U. S. District Court because, as foreign corporations, HTL and Nissho are not "diverse" for purposes of federal diversity jurisdiction. 28 USC § 1332 (a) (2); *Cabalceta v. Standard Fruit Co.*, 883 F2d 1553, 1557 (11th Cir. 1989). Moreover, the consent of the parties cannot expand the subject matter jurisdiction of the federal courts. *American Fire &c. Co. v. Finn*, 341 U. S. 6, 18, n. 17 (71 SC 534, 95 LE 702) (1951).

went to Georgia for the purpose of negotiating or executing the contract, and that Nissho has no offices, property, or employees in Georgia. According to the Nissho representative, Nissho served only as a financing source for Gainor and issued letters of credit to ensure payment for the devices shipped by HTL to Gainor. In opposition to the motion, HTL produced an affidavit and supporting evidence showing that Nissho sent a representative to Georgia to discuss resolution of the contract dispute, that Nissho communicated with Gainor in Georgia about the contract, and that pursuant to the contract Nissho purchased large quantities of the device from HTL and then, based on purchase orders from Gainor, resold the devices to Gainor in Georgia for a profit.

Nissho had the burden of proving that there was a lack of personal jurisdiction, and any disputes of fact in the written submissions supporting and opposing the motion to dismiss are resolved in favor of the party asserting the existence of personal jurisdiction. *ETS Payphone v. TK Indus.*, 236 Ga. App. 713-714 (513 SE2d 257) (1999); *SES Indus. v. Intertrade Packaging Machinery Corp.*, 236 Ga. App. 418 (512 SE2d 316) (1999). In determining whether the facts establish that a nonresident corporate defendant is subject to personal jurisdiction under the Georgia long-arm statute on the basis of transacting business in the State, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 474 (105 SC 2174, 85 LE2d 528) (1985). The Georgia long-arm statute confers personal jurisdiction over nonresidents to the maximum extent permitted by due process. *First United Bank of Miss. v. First Nat. Bank of Atlanta*, 255 Ga. 505, 508 (340 SE2d 597) (1986). Under this test,

> [d]ue process requires that [the defendant] have "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Burger King*, [supra]. In evaluating whether a defendant could reasonably expect to be haled into court in a particular forum, courts examine defendant's contacts with the state, focusing on whether (1) defendant has done some act to avail himself of the law of the forum state; (2) the claim is related to those acts; and (3) the exercise of jurisdiction is reasonable, that is, it does not violate notions of fair play and substantial justice. [Cits.] These three elements do not constitute a due process formula, but are helpful analytical tools which ensure that a defendant is not forced to litigate in a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts. *Burger King*, supra at 475.

*Beasley v. Beasley*, 260 Ga. 419, 421 (396 SE2d 222) (1990).

Applying these principles, we have concluded that, standing alone, a nonresident's telephone or mail contact in Georgia, or even a nonresident's visits to Georgia, is generally insufficient to show the minimum contacts with the State necessary to establish personal jurisdiction. *Wise v. State Bd. &c. of Architects*, 247 Ga. 206, 209-210 (274 SE2d 544) (1981); *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (380 SE2d 303) (1989). Likewise, a contractual provision choosing to apply Georgia law to resolve disputes under a contract is not sufficient, standing alone, to subject a party to the contract to personal jurisdiction under the Georgia long-arm statute. *Apparel Resources Intl. v. Amersig Southeast*, 215 Ga. App. 483, 485 (451 SE2d 113) (1994). In the present case, however, when the disputed facts are construed in favor of HTL, there was additional evidence that, based on purchase orders from Gainor, Nissho resold large quantities of the HTL-manufactured device to Gainor in Georgia. This was purposeful activity by Nissho in Georgia related either directly or indirectly to the subject of the suit. *Davis Metals v. Allen*, 230 Ga. 623, 625-626 (198 SE2d 285) (1973); *Booksing v. Holley*, 210 Ga. App. 869, 871 (437 SE2d 857) (1993). The evidence was sufficient to show "minimum contacts" by Nissho with Georgia so that the exercise of personal jurisdiction under OCGA § 9-10-91 (1) on the basis of transacting business within the State comports with due process and does not offend traditional notions of fair play and substantial justice. Id.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 21, 2000 

*Alston & Bird, Richard R. Hays, Charles E. Young, Jr., Smith, Welch & Brittain, A. J. Welch, Jr., E. Gilmore Maxwell,* for appellant.

*Crumbley & Crumbley, R. Alex Crumbley, King & Spalding, Michael R. Smith, Dan S. McDevitt,* for appellee.