## A02A2048. GEE v. REINGOLD.
(578 SE2d 575)

PHIPPS, Judge.

James D. Gee, Jr. appeals the dismissal of his third-party complaint against Arvin Reingold. We affirm because our long-arm statute, OCGA § 9-10-91, does not subject Reingold, a nonresident, to personal jurisdiction in Georgia.

On May 31, 1996, Apex Electronics Corporation (Apex) sued "James Gee d/b/a U. S. Cable Supply" in the Circuit Court of Racine County, Wisconsin. The Wisconsin complaint initially was delivered to Gee in Trenton, Georgia, by Federal Express. Gee then contacted Reingold, an attorney licensed and residing in Tennessee, at Reingold's office in Chattanooga. Reingold advised Gee that the service was insufficient under Georgia law. Gee received service of the Wisconsin action by sheriff's deputy a week or two later.

Reingold, acting as Gee's attorney, telephoned Apex's attorney in Wisconsin and asked for an extension of time to answer the complaint. Gee called Reingold's office several times and left messages, and Gee went to Reingold's office "two or three times," but Reingold never responded to the messages or saw Gee. No answer was filed in the Wisconsin action, and a default judgment was entered against Gee on September 3, 1996, for $356,800.

On June 29, 1999, Apex filed a complaint in the Superior Court of Dade County, Georgia, to domesticate the Wisconsin judgment. On December 27, 1999, Gee filed a third-party complaint against Reingold for breach of contract, negligence, and breach of fiduciary duty for Reingold's alleged role in allowing a default judgment to be entered in the Wisconsin action. On December 20, 2001, the trial court granted Reingold's motion to dismiss for want of personal jurisdiction, and, following a stipulation of settlement between Gee and Apex, the trial court entered its final order and judgment.

1. Gee claims that the trial court erred in ruling that it lacked personal jurisdiction to hear and decide Gee's breach of contract claim against Reingold. We disagree.

OCGA § 9-10-91 provides:

> A court of this state may exercise personal jurisdiction over any nonresident . . . in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) [t]ransacts any business within this state.

In a breach of contract action

> jurisdiction over a nonresident defendant may be exercised by the courts of this state only upon a showing that the non-resident defendant transacts any business in this state. Jurisdiction over a nonresident exists on the basis of transacting business in this state only if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.[1]

Reingold had the burden of proving that there was no personal jurisdiction.[2] "[D]isputes of fact in the written submissions supporting and opposing the motion to dismiss are resolved in favor of the party asserting the existence of personal jurisdiction."[3] "[B]ecause the motion was decided on the basis of written submissions, the appellate standard of review is nondeferential."[4]

So viewed, the record shows that Gee had retained Reingold as his attorney, in other matters, before the commencement of the Wisconsin litigation. Reingold represented Gee and his company, U. S. Cable Supply, Inc., in connection with a possible theft from U. S. Cable by a Tennessee resident. During the representation, Gee drove to Reingold's home in East Ridge, Tennessee, and they drove together to the Atlanta airport, where they took a flight to Texas to take a deposition. Reingold also provided Gee with initial representation in connection with a property damage action arising out of an automobile collision. Gee deposed that Reingold represented him in what Gee refers to as the "State Farm claim" and the "Allstate claim." There is no evidence that any of these claims were related to Georgia. However, Reingold sent his bills for legal fees to Gee in Georgia.

---

[1] (Citations and punctuation omitted.) *ETS Payphone v. TK Indus.*, 236 Ga. App. 713, 714-715 (1) (513 SE2d 257) (1999).

[2] *HTL Sp. Z O.O. v. Nissho Corp.*, 245 Ga. App. 625, 626 (538 SE2d 525) (2000).

[3] (Citations omitted.) Id.

[4] (Footnote omitted.) *Genesis Research Institute v. Roxbury Press*, 247 Ga. App. 744 (542 SE2d 637) (2000).

Gee also contends that Reingold appeared on his behalf at the Superior Court of Dade County and Government Building in Dade County, but it is apparent from Gee's deposition and the dates allegedly involved (July 12, 2001, and September 6 and 7, 2001, well after the filing of the third-party complaint and corresponding to a hearing and deposition in this matter) that Reingold made these appearances as a third-party defendant in this case, and not on behalf of Gee.

The trial court correctly concluded that it did not have personal jurisdiction over Reingold on the basis of his having transacted business in Georgia. The only Georgia-based contacts between Gee and Reingold with respect to the Wisconsin lawsuit are telephone conversations and facsimile transmissions between Gee in Georgia and Reingold in Tennessee. These communications were initiated by Gee. Gee points to other contacts between Reingold and Georgia which involve the attorney-client contractual relationship, particularly Reingold's billing of Gee in Georgia and the trip the two made together to the Atlanta airport. But the telephone conversations between Reingold and Gee, facsimile transmissions by Gee from Georgia to Tennessee, and Reingold's mailing of bills to Gee in Georgia do not show that Reingold transacted business in Georgia within the meaning of the statute.[5] Reingold's services were performed in Tennessee and pertained to non-Georgia matters. "[S]tanding alone, a nonresident's telephone or mail contact in Georgia, or even a nonresident's visits to Georgia, is generally insufficient to show the minimum contacts with the State necessary to establish personal jurisdiction. [Cits.]"[6]

It is true that "[t]he negotiation of the terms of an agreement within the confines of the State of Georgia constitutes transacting business within the meaning of the Georgia Long Arm Statute, OCGA § 9-10-91 (1)."[7] But there is no evidence that Gee and Reingold negotiated any contracts in Georgia.

2. (a) Gee also claims the trial court erred in ruling that it did not have personal jurisdiction over Reingold for the purposes of adjudicating Gee's claims of negligence and breach of fiduciary duty. We again disagree.

OCGA § 9-10-91 (2) provides that the state has personal jurisdiction over nonresidents who commit a tortious act or omission within Georgia. However, the tortious act at issue here did not occur in Georgia for purposes of the statute. The lawsuit which Gee claims Reingold handled negligently was filed in Wisconsin and the default

[5] See *Burt v. Energy Svcs. Investment Corp.*, 207 Ga. App. 210, 211 (427 SE2d 576) (1993).

[6] *HTL*, supra, 245 Ga. App. at 627.

[7] *Genesis Research*, supra, 247 Ga. App. at 746.

judgment was entered there. Reingold practiced law in Tennessee. Although Gee is a Georgia resident and Apex sued Gee in Georgia to domesticate the Wisconsin judgment, for purposes of OCGA § 9-10-91 (2),

> the tortious act occurred either where the allegedly negligent act or omission was made . . . or where the damage was sustained. . . . The damage from the allegedly tortious act was not sustained in Georgia simply because the plaintiff . . . is a resident of Georgia. . . . A tort occurs when and where the actual injury or accident takes place, and not at the place of the economic consequences of that injury.[8]

(b) OCGA § 9-10-91 (3) provides for jurisdiction over a nonresident who

> [c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

Gee contends that Reingold, operating from his offices only a few miles from the Georgia state line, has had sufficient matters before the Georgia courts to constitute a "border practice," and thus can be deemed to have engaged in a course of conduct that satisfies the requirements of OCGA § 9-10-91 (3). The record shows that Reingold is licensed to practice law in Tennessee but has never been licensed to practice in Georgia. He has had five cases pending in Georgia courts since 1995, although he claims to have retained Georgia counsel to enter an appearance and assume primary responsibility for legal activity here in Georgia. Reingold appeared personally on a client's behalf in a mediation in Dalton, Georgia. He also appeared personally in a deposition in Rossville, Georgia, while representing another client. Reingold averred that altogether he has had no more than ten cases in Georgia during the course of his legal career, which commenced in 1957.

We must conclude from the record that Reingold did not maintain an office in Georgia, advertise in Georgia, derive a substantial income from services rendered in Georgia, or engage in a persistent course of conduct within Georgia. Accordingly, Reingold has "done none of the acts set forth in OCGA § 9-10-91 which must be done . . .

---

[8] (Citation and punctuation omitted.) *Atlanta Propeller Svc. v. Hoffman GMBH & Co.*, 191 Ga. App. 529, 530 (1) (382 SE2d 109) (1989).

to subject [him] to personal jurisdiction of a Georgia court."[9] It follows that the trial court correctly concluded that it did not have personal jurisdiction over Reingold with respect to Gee's tort claims.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 26, 2003.

*Zimring, Smith & Billips, Jonathan Zimring,* for appellant.
*Clements & McGuffey, David L. McGuffey, David J. Dunn, Jr.,* for appellee.

---

[9] (Citation and punctuation omitted.) *ETS Payphone,* supra, 236 Ga. App. at 715-716 (2). See also *Gust v. Flint,* 257 Ga. 129, 130 (356 SE2d 513) (1987).