## A03A2167. WORTHY v. ELLER.
(594 SE2d 699)

MIKELL, Judge.

Thomas F. Worthy, who resides and practices law in Alabama, appeals from the order denying his motion to dismiss Josh Eller's complaint for lack of personal jurisdiction. We reverse for the reasons set forth below.

> [A] defendant bears the onus of proving lack of personal jurisdiction. If the motion [to dismiss] is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of the exercise of jurisdiction, and the appellate standard of review is non-deferential.[1]

Viewed in the light most favorable to the exercise of personal jurisdiction, the evidence shows that Worthy is a salaried associate with the law firm of Funderburk, Day & Lane in Phenix City, Alabama. Although the firm maintains a second office in Columbus, Georgia, Worthy is not a member of the Georgia bar and has only practiced out of the Alabama office. At the time of the incident giving rise to Eller's action, Worthy represented Julie Eller in a divorce action pending in Alabama against Eller. Both Ellers were residents of Alabama. On June 19, 2001, Julie Eller contacted Worthy at his Alabama office stating that Eller had appeared at a child care facility in Columbus, Georgia, asking to pick up the couple's three-year-old child. Concerned for her child's safety, Julie Eller asked Worthy if he could prevent Eller from taking the child. Worthy called the day care center and asked them not to allow Eller to have the child because the matter was in litigation. The day care provider asked Worthy if he had a court order. Worthy wrote "per court order" on a motion for a temporary restraining order he had filed in Alabama and faxed it to the center. Worthy did not, in fact, have a court order. The day care center called the police, who prevented Eller from seeing the child.

---

[1] (Citations and punctuation omitted.) *ETS Payphone, Inc. v. TK Indus.*, 236 Ga. App. 713, 714 (513 SE2d 257) (1999).

Eller subsequently filed the instant action alleging that Worthy's statements were false, defamatory, and uttered with the intent to inflict emotional distress. Worthy moved to dismiss the suit, arguing that he was not subject to personal jurisdiction under the Georgia Long Arm Statute, OCGA § 9-10-91 (2), (3). The trial court denied the motion without comment. This ruling is enumerated as error.

OCGA § 9-10-91 (2) permits a Georgia court to exercise personal jurisdiction over a nonresident if he "[c]ommits a tortious act or omission within this state, *except as to a cause of action for defamation of character* arising from the act."[2] "The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation."[3] Accordingly, Worthy is not subject to suit in Georgia for acts allegedly constituting defamation.

Whether Worthy may be subject to suit in Georgia for the purpose of Eller's claim for intentional infliction of emotional distress is governed by OCGA § 9-10-91 (3), which permits our courts to exercise personal jurisdiction over any nonresident who "[c]ommits a tortious injury in this state caused by an act or omission outside this state, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." In this case, Worthy established that he had none of the specific minimum contacts required by this subsection. Contrary to Eller's contention, Worthy's deposition testimony that he did not know whether the Georgia or the Alabama office paid his salary is not evidence that he derived substantial revenue from this state.[4] Rather, Worthy showed that he has never practiced law out of the firm's Georgia office, that he has not regularly done or solicited business in Georgia, that he has not engaged in any persistent course of conduct in this state, and that he does not derive substantial revenue from services rendered in Georgia. Worthy's sole contacts with Georgia were telephoning, and sending a facsimile to, the day care center, and it has been held repeatedly that such actions are insufficient to confer personal jurisdiction under the Georgia Long Arm Statute.[5] It follows that the trial court erred in denying Worthy's motion to dismiss.

---

[2] (Emphasis supplied.)

[3] (Punctuation omitted.) *Balmer v. Elan Corp.*, 261 Ga. App. 543, 546 (2) (583 SE2d 131) (2003), citing *Cassells v. Bradlee Mgmt. Svcs.*, 161 Ga. App. 325, 327 (2) (291 SE2d 48) (1982).

[4] See *Bradlee Mgmt. Svcs. v. Cassells*, 249 Ga. 614, 618 (292 SE2d 717) (1982) (employee's contacts with Georgia in his individual capacity held insufficient to confer jurisdiction).

[5] *Gee v. Reingold*, 259 Ga. App. 894, 896 (1) (578 SE2d 575) (2003); *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987); *Commercial Food Specialties v. Quality Food Equip. Co.*, 176 Ga. App. 892 (338 SE2d 865) (1985).

*Judgment reversed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 9, 2004

*Hatcher, Stubbs, Land, Hollis & Rothschild, Joseph L. Waldrep,* for appellant.
*William J. Mason,* for appellee.