### A89A0164. ATLANTA PROPELLER SERVICE, INC.
### v. HOFFMANN GMBH & COMPANY KG.
(382 SE2d 109)

Pope, Judge.

Planes, Inc., a Georgia corporation, was the owner of an airplane which was totally destroyed in a forced landing in Mississippi. The damage was caused when a propeller failed. Planes, Inc., brought suit in the State Court of Fulton County against the manufacturer of the propeller and appellant Atlanta Propeller Service, Inc., which installed the propeller assembly on the aircraft. Appellant filed a third-party action against appellee Hoffmann GMBH & Company KG, a West German company, which, appellant alleged, overhauled the previously used propeller and certified its airworthiness for reassembly and installation on an aircraft. After extensive discovery was conducted in both the United States and Europe, appellee moved for dismissal for lack of personal jurisdiction and moved for the award of expenses and attorney fees for abusive litigation. The lower court granted both motions and, after a separate hearing, ordered appellant to pay appellee $84,079.15 in attorney fees and costs.

1. Appellant does not argue that appellee transacts business within this state. Appellant asserts that long arm jurisdiction may be exercised over appellee pursuant to OCGA § 9-10-91 (2), which grants jurisdiction over a nonresident who: "Commits a tortious act or omission within this state. . . ." We affirm the dismissal of appellee because we find no tortious act was committed within this state to trigger application of the Long Arm Statute.

"[A] 'tortious act' is a composite of both negligence and damage, and if damage occurred within the state then the tortious act occurred within the state within the meaning of subsection [(2)] of the Long Arm Statute." *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 60 (195 SE2d 399) (1973). Appellant argues that for purpose of its third-party action against appellee, Georgia is the state in which damage occurred because appellee, the third-party defendant, will be liable, if at all, only once a verdict has been returned against appellant in favor of plaintiff Planes, Inc., in the Georgia trial court. Appellant's sole theory of recovery in its third-party complaint is for contribution or indemnity for joint liability in tort for *plaintiff's* injuries. The very basis of a third-party claim for contribution or indemnity against an alleged tortfeasor is the third-party defendant's breach of a duty owed to the original plaintiff. See *Duensing v. Tripp*, 596 FSupp. 389 (S.D. Ill. 1984). It cannot be argued that a tortious act was committed

against appellant; the only tortious injury involved in this case was the one sustained by the plaintiff. It is the place where the allegedly tortious act was committed, out of which the right to contribution arose, which governs the application of the Long Arm Statute to a third-party complaint for contribution and indemnity. See *Gosser v. Diplomat Restaurant*, 125 Ga. App. 620 (188 SE2d 412) (1972).

Pursuant to *Coe & Payne Co. v. Wood-Mosaic Corp.*, supra, the tortious act occurred either where the allegedly negligent act or omission was made (as to the third-party complaint, West Germany) or where the damage was sustained (Mississippi, the site of the forced landing). The damage from the allegedly tortious act was not sustained in Georgia simply because the plaintiff or the appellant, third-party plaintiff, is a resident of Georgia. Neither does it matter that appellant's liability, if any, will be determined by a Georgia trial court. "[A] tort occurs when and where the actual injury or accident takes place, and not at the place of the economic consequences of that injury." *Portnoy v. Cessna Aircraft Co.*, 730 F2d 286, 290 (5th Cir. 1984). Because neither appellee's allegedly negligent act or omission nor the plaintiff's damage occurred in Georgia, then jurisdiction is not present in this state.

We reject appellant's argument that appellee's allegedly negligent issuance of a tag certifying the airworthiness of the propeller, which tag accompanied the propeller assembly to Georgia where it was assembled and installed on the aircraft, constituted a "continuing tort" which occurred both before and after the propeller assembly arrived in Georgia. "The continuing tort theory . . . is limited to cases in which personal injury is involved. It is not applicable to cases which involve only property damage." *Corporation of Mercer Univ. v. National Gypsum Co.*, 258 Ga. 365 (368 SE2d 732) (1988). Although in *Mercer University* this proposition was applied in regard to the issue of *when* a tortious act had occurred for determining whether the statute of limitation had been tolled, the proposition is also applicable to the issue of *where* a tortious act occurred for determining jurisdiction under the Long Arm Statute.

2. Appellant argues that, even if its third-party complaint was properly dismissed for lack of personal jurisdiction, the trial court erred in awarding attorney fees and costs to appellee. Where, as here, the authorities cited by a plaintiff do not provide arguable support for the claim, even though made in good faith, then the defendant is entitled to damages for abusive litigation. See *Ferguson v. City of Doraville*, 186 Ga. App. 430 (2c) (367 SE2d 551) (1988). In its order granting appellee's motion for fees and costs, the trial court recited evidence for its conclusion that appellant's claim of jurisdiction over appellee lacked substantial justification and was "substantially vexatious." "[Authorization to grant an award pursuant to] OCGA § 9-15-

14 (b) is discretionary and the standard of review is abuse of discretion." *Haggard v. Bd. of Regents of Univ. System*, 257 Ga. 524, 527 (360 SE2d 566) (1987). We find no abuse of discretion in the trial court's award of attorney fees and costs. We need not address the issue of whether appellant's "continuing tort" theory of establishing jurisdiction possessed substantial justification to avoid the award of attorney fees since the appellant did not assert this theory in response to appellee's motions below, but raised the issue for the first time on appeal.

3. The lower court's order granting appellee's motion for attorney fees and costs was entered March 28, 1988. The order recited that the amount of the award would be determined after a separate hearing on a later date. The final order granting the award of $84,079.15 was entered on May 27, 1988. During the intervening period, on May 20, 1988, appellant filed its notice of appeal. Appellant argues that the order specifying the amount of the award is a nullity because the filing of the notice of appeal served as supersedeas so that the trial court lacked jurisdiction to issue the second order. However, the record shows that the appellant did not pay the costs assessed by the trial court until June 8, 1988, after the order setting the amount of the award of attorney fees and costs was entered. The filing of a notice of appeal serves as supersedeas only upon the payment of all costs in the trial court. OCGA § 5-6-46 (a); *Duncan v. Ball*, 172 Ga. App. 750 (1) (324 SE2d 477) (1984); *Chappelaer v. Gen. GMC Trucks*, 130 Ga. App. 664 (1) (204 SE2d 326) (1974). Consequently, the lower court did not lack jurisdiction to enter the order setting the amount of the award of attorney fees and costs.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 10, 1989 —
REHEARING DENIED MAY 11, 1989 — 

*Lord, Bissell & Brook, Thomas J. Strueber, Michael J. Athans,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Richard C. Mitchell, E. A. Simpson, Jr., Mozley, Finlayson & Loggins, Sewell K. Loggins, Long, Weinberg, Ansley & Wheeler, James S. Strawinski, Robert M. Goldberg, Harman, Owen, Saunders & Sweeney, H. Andrew Owen, Jr.,* for appellee.