## S89C0070. ATLANTA PROPELLER SERVICE, INC. v. HOFFMANN GMBH & COMPANY KG.
(382 SE2d 355)

ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur, except Smith, J., who dissents.*

SMITH, Justice, dissenting.

I dissent to the majority's denial of a writ of certiorari to the Court of Appeals in *Atlanta Propeller Service v. Hoffman GMBH & Company KG*, 191 Ga. App. 529 (382 SE2d 109) (1989).

The Georgia Constitution declares that no person shall be deprived of the right to bring suit in the courts of this state. Ga. Const. 1983, Art. I, Sec. I, Par. XII. However, if the decision of the Court of Appeals stands, then we should add the warning "but, if a person does bring suit, then he does so at his own peril." If this Court affirms an award of attorney fees and litigation expenses each time a party, in good faith, unsuccessfully attempts to assert personal jurisdiction over a non-resident, then the Court will, in effect, restrict access to Georgia's courts.

The attempt by appellant, Atlanta Propeller Service, to assert jurisdiction under the Long Arm Statute, OCGA § 9-10-91, was not so unsubstantiated as to warrant imposing the $85,000 penalty. In fact, there were 3 potential grounds under which appellee Hoffmann could have been forced to answer for its allegedly wrongful acts.

First, Hoffmann's defective repair constituted a "continuing tort" in accordance with *Everhart v. Rich's*, 229 Ga. 798 (194 SE2d 425) (1972). This Court has never before decided whether such a tort could constitute tortious conduct within the meaning of subsection (2) of the Long Arm Statute. Therefore, it was not unreasonable for the appellant to bring this jurisdictional question of first impression before the Court.

Secondly, subsection (3) of the Long Arm Statute confers jurisdiction over a non-resident party who commits " 'a tortious injury in this State caused by an act or omission outside this state.' " *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 59 (195 SE2d 399) (1973). "In other words, a 'tortious act' is a composite of both negligence and damage, . . . . " Id. at 60. Therefore, it would follow that the Long Arm Statute also confers jurisdiction where a non-resident party commits a negligent act or omission within the state but where the damage results outside it. Such a logical extension would be consistent with the underlying policy of the Long Arm Statute as set

forth in *Coe & Payne*:

> The foundations of jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, *or otherwise incur obligations to,* those within the ambit of the State's legitimate protective policy. [Emphasis supplied.]

*Id.* at 61 (*quoting Nelson v. Miller*, 11 Ill2d 378, 384 (143 NE2d 673) (1957)). Both the appellant and the appellee fall squarely within the ambit of this policy; therefore, the appellant was justified in its assertion of jurisdiction in accordance with this policy.

Finally, Hoffmann's business contacts with Georgia may have been sufficient to justify an assertion of jurisdiction. This Court has upheld the assertion of jurisdiction under the Long Arm Statute in third party actions. In *J. C. Penney Co. v. Malouf Co.*, 230 Ga. 140 (196 SE2d 145) (1973), this Court held that the third party practice statute combined with the Long Arm Statute was designed to facilitate the efficient adjudication of suits. In fact, the Court held that "this third party practice statute means that a defendant can bring in a third party non-resident defendant if the third party defendant's liability to the defendant allegedly arises by virtue of the tort. . . ." *Id.* at 145. *Malouf,* supra, involved a resident injured in Georgia and a non-resident corporation whose only contacts with Georgia were the shipment of its merchandise for delivery in Georgia; however, the Court did not expressly confine its holding to this situation. Thus, because the present case involves the same third party practice statute and the same Long Arm Statute as in *Malouf,* it was not unreasonable to assert jurisdiction over Hoffmann on the basis of this precedent.

A purpose of the Georgia Long Arm Statute is to protect Georgia residents from the wrongful acts of foreign corporations. In the present case, the F.A.A. approved Hoffmann to repair aircraft propellers to be used in this country and, consequently, in the State of Georgia. If Hoffmann's alleged failure to repair the propeller properly caused the aircraft's destruction, then an injured party should be able to invoke the protection of its state's laws. Otherwise, the court permits Hoffmann to enjoy all the benefits of conducting business in this state without bearing the corresponding responsibilities and, in so doing, allows the alleged wrong-doer to choose where the case will be tried.

Even if the Court refuses to assert jurisdiction over Hoffmann, the award of attorney fees in this dispute represents an unprecedented hardship in light of the Court's decision to decide jurisdictional issues on a case-by-case basis. " 'Each defendant's contacts with the forum state must be assessed individually.' " *Smith v. Smith,*

254 Ga. 450, 452 (330 SE2d 706) (1985), *quoting Calder v. Jones*, 465 U. S. 783 (104 SC 1482, 79 LE2d 804) (1984). " "There is no objective test by which to judge the facts of a particular case to determine if the assertion of *in personam* jurisdiction exceeds the limits of constitutional due process.' " *Freeman v. Motor Convoy, Inc.*, 409 FSupp. 1100, 1106 (N.D. Ga. 1976), quoting *Benjamin v. Western Boat Building Corp.*, 472 F2d 723, 725 (5th Cir.), cert. denied, 414 U. S. 830 (94 SC 60, 38 LE2d 64) (1973). "[I]n long-arm cases, the court must decide if the activities in question fall within the scope of the state statute. . . ." *Marival, Inc. v. Planes, Inc.*, 302 FSupp. 201, 205 (N.D. Ga. 1969).

In short, by rejecting a rigid application of *stare decisis* in cases involving jurisdictional questions, the Court has, in effect, invited more litigation. A party, therefore, should not be penalized for bringing a suit that touches upon an area of law that even the Court concedes has no fixed parameters. There is a fine line between attempting to establish a new theory of law and filing a frivolous action. The court must be careful in deciding when a party has crossed that line, especially where the decision costs the party nearly $85,000.

ORDERED JULY 3, 1989 —
RECONSIDERATIONS DENIED JULY 26, 1989.

*Lord, Bissell & Brook, Thomas J. Strueber, Michael J. Athans,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Richard C. Mitchell, E. A. Simpson, Jr.,* for appellee.