A92A1839. SMITH v. AIR AMBULANCE NETWORK, INC.
(427 SE2d 305)

CARLEY, Presiding Judge.

While in Germany, appellant-plaintiff, a Georgia resident, contracted with appellee-defendant, a Florida corporation, to provide air ambulance service to Atlanta. When those services were not performed, appellant filed suit for breach of contract and fraud. Appellee moved to dismiss for lack of personal jurisdiction. The trial court granted appellee's motion and appellant appeals.

"Georgia's Long Arm Statute states that the courts of this State may exercise personal jurisdiction over any nonresident as if he were a resident of the State, if in person or through an agent he: '(1) Transacts any business within this State. . . .' This has been interpreted to mean that 'purposeful acts' must have been performed by the defendant to tie it to the State, and '(m)ere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state, is insufficient to establish the purposeful activity with Georgia required by the "Long Arm" statute. (Cit.)' [Cits.]" *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (1) (380 SE2d 303) (1989). Likewise, appellee's mere placement of advertisements in Georgia would be insufficient to authorize the exercise of personal jurisdiction. See *Flint v. Gust*, 180 Ga. App. 904, 905 (1) (351 SE2d 95) (1986), reversed on other grounds, *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987).

"Basically, all that existed [in the instant case] were the out-of-state negotiations that led to the signing of the contract and the contract itself, which the Supreme Court [of the United States] . . . indicated was not [itself] sufficient to meet the minimum contacts requirement. There was no subsequent course of dealing established between the parties as a result of the contract, nor did the future consequences of the contract come to fruition. [Appellee] did nothing beyond entering into the contract that constituted a purposeful engagement of activities within the forum." *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, supra at 894 (1). That appellee provided ambulance service into and out of Georgia on previous occasions is irrelevant. The Long Arm Statute requires that the cause of action

arise from the act of transacting business in Georgia. *Castleberry v. Gold Agency*, 124 Ga. App. 694, 697 (2) (185 SE2d 557) (1971). In the instant case, appellee's cause of action arose entirely as the result of transactions occurring outside Georgia. Accordingly, the trial court correctly held that it lacked personal jurisdiction over appellee as to appellant's breach of contract claim. See *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (2) (366 SE2d 223) (1988).

Likewise, the trial court correctly held that it lacked personal jurisdiction over appellee as to appellant's tort claim. Both the allegedly tortious act and the resulting injury occurred outside Georgia. Under these circumstances, OCGA § 9-10-91 (2), (3), the subsections of the Long Arm Statute dealing with tort claims, would not be applicable. *Whitaker v. Krestmark of Ala.*, 157 Ga. App. 536, 537 (1) (278 SE2d 116) (1981). "The damage from the allegedly tortious act was not sustained in Georgia simply because the plaintiff . . . is a resident of Georgia." *Atlanta Propeller Svc. v. Hoffman GMBH &c.*, 191 Ga. App. 529, 530 (1) (382 SE2d 109) (1989).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993.

*Cofer, Beauchamp & Butler, Bryant K. Smith*, for appellant.
*Greenfield, Bost & Kliros, Thad C. Gould*, for appellee.