A95A2015. PHEARS v. DOYNE.
(470 SE2d 236)

POPE, Presiding Judge.

Plaintiff H. Wayne Phears, a Georgia resident, entered into a contract for the sale and restoration of a classic car with defendant Mark Doyne, a Florida resident. Defendant had advertised the car in a worldwide classic car journal published in Vermont. After seeing defendant's ad in Georgia, plaintiff contacted defendant at his office in Florida. Plaintiff then visited Florida and inspected the car. Negotiations over the phone (and fax) began, with plaintiff in Georgia talking long distance to defendant in Florida, and the parties eventually reached an agreement. Plaintiff drafted a contract in Georgia and

mailed it to defendant in Florida, who signed the document in Florida and mailed it back. Plaintiff also wired funds to defendant in Florida, where the restoration work was to be done. Problems arose, however, and plaintiff sued defendant in Georgia, alleging breach of contract, conversion, fraudulent misrepresentation, and intentional infliction of emotional distress. The trial court dismissed for lack of personal jurisdiction over defendant, and we affirm that dismissal.

1. This case is controlled by *Flint v. Gust*, 180 Ga. App. 904 (351 SE2d 95) (1986), which was reversed in part and affirmed in part by *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987). Like plaintiff here, the plaintiff in *Gust* saw an advertisement for a vehicle in a trade paper published in another state but mailed to the plaintiff in Georgia. He then contacted the defendants, the owners of the advertised vehicle, at their home in Wisconsin. As in this case, the parties in *Gust* negotiated an agreement through long distance phone calls, and the plaintiff sent the defendants a deposit. A dispute arose, however, and plaintiff sued defendants in Georgia, asserting claims based on breach of contract as well as tort.

Presented with these facts, this Court held in *Gust* that Georgia courts could not exercise jurisdiction over the defendants under OCGA § 9-10-91 (1) because the advertisement in a national publication and subsequent negotiation and contract with a Georgia resident did not constitute the transaction of business in this state. *Flint v. Gust*, 180 Ga. App. at 905-906 (1). "It is well settled that an out-of-state defendant will not be deemed to have engaged in purposeful business activity in this state merely because he has advertised products for sale in national trade magazines circulating in this state and has accepted orders for such products which have been transmitted to him from this state by mail, telephone, or other instrumentality of interstate commerce in response to such advertisements. [Cits.]" Id. This is the portion of *Flint v. Gust* which was not reversed by the Supreme Court, and it is dispositive of plaintiff's contract-based claims in this case. See also *Smith v. Air Ambulance Network*, 207 Ga. App. 75 (427 SE2d 305) (1993); *A. A. A., Inc. v. Lindberg*, 172 Ga. App. 753, 755 (324 SE2d 480) (1984). Contrary to plaintiff's suggestion, the fact that he drafted the agreement in Georgia does not affect this result, as defendant executed the agreement in Florida. If anything, plaintiff's position is even weaker here than in *Gust*, because: (1) unlike the plaintiff in *Gust*, plaintiff here actually traveled to defendant's home state for the only meeting of the parties, and (2) unlike the agreement in *Gust*, the agreement in this case contemplated further work on the vehicle, all of which was to occur in defendant's home state.

2. Our second holding in *Flint* — the one which was reversed by the Supreme Court — allowed the plaintiff to proceed with his tort-

based claims. See *Flint v. Gust*, 180 Ga. App. at 908. In reversing, the Supreme Court held that where the defendant's unrebutted affidavit established that he did not do any of the acts which OCGA § 9-10-91 requires as a basis for personal jurisdiction, there could be no jurisdiction. As defendant's unrebutted affidavit similarly established that he did not do any of those acts in this case, the trial court's dismissal of plaintiff's tort-based claims was also proper. See also *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (2) (366 SE2d 223) (1988).

3. In light of our affirmance of the dismissal for lack of personal jurisdiction, plaintiff's argument that the trial court should have entered a default judgment against defendant is moot.

*Judgment affirmed. Ruffin, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur because we are compelled to do so by *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987). However, I would agree with the dissent in that case, which would allow a liberal interpretation of Georgia's Long Arm Statute. This would be in harmony with the judicially articulated lodestar of the statute, which is that it " 'contemplates that jurisdiction shall be exercised over nonresident parties to the maximum extent permitted by procedural due process.' " *Clarkson Power Flow v. Thompson*, 244 Ga. 300 (260 SE2d 9) (1979), quoting *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 60 (195 SE2d 399) (1973).

Here there are minimum contacts with Georgia. Defendant invited Georgia residents to do business with him with respect to the sale and restoration of his Jaguar. His communications, directed to Georgia and intended to be acted upon here, were received and action was initiated. The anguish, which plaintiff alleged in conjunction with his claim for intentional infliction of emotional distress, was suffered by plaintiff primarily in Georgia. The injury occasioned by fraud, if any, was also inflicted in Georgia. Defendant's actions prompted the expenditure by plaintiff of substantial funds in Georgia. If these and other contact points present in this case meet the minimum threshold to assure that suit against the Florida defendant in Georgia would be consistent with " ' "traditional notions of fair play and substantial justice." ' [Cit.]" *Clarkson Power Flow*, supra at 301, then the statute should apply. Unfortunately, *Gust* says they do not.

Whether the Supreme Court's construction of the statute is correct or not, it is still open for the legislature to address the issue and assure the maximum recourse to Georgia courts for Georgia citizens to resolve disputes with foreign persons or entities. See *Gust*, supra at 130 (Gregory, J., concurring specially).

DECIDED JANUARY 25, 1996 —
RECONSIDERATION DENIED MARCH 11, 1996 —

*Phears & Moldovan, Jenny E. Jenson, Wendy A. Jacobs*, for appellant.
*Kicklighter & Mayer, Raymond C. Mayer*, for appellee.