## A01A1830. McHALE v. HJGM, INC.
### (556 SE2d 853)

BARNES, Judge.

Lawrence McHale, a Georgia resident, contacted HJGM, Inc., a Rolls Royce dealership in Indiana, by telephone to purchase a rebuilt Rolls Royce engine. According to McHale's unverified complaint, HJGM represented that it would sell him a "factory rebuilt" engine for $8,000, but instead HJGM shipped him an engine that was not factory rebuilt, which was far less valuable. Claiming jurisdiction under our Long Arm Statute (OCGA § 9-10-90 et seq.), McHale sued HJGM, alleging claims for breach of contract, fraud, and violation of the Georgia Fair Business Practices Act (FBPA). HJGM answered the complaint denying liability and asserting the lack of personal jurisdiction. The company then moved to dismiss McHale's complaint for lack of personal jurisdiction over HJGM.

The trial court granted the motion, holding that OCGA § 9-10-91 (1) did not apply because HJGM does not transact business within this state. Also, the trial court ruled that neither OCGA § 9-10-91 (2) nor (3) applies because McHale failed to present any evidence that HJGM misrepresented the nature of the engine.

McHale challenges both rulings. Because we find that the trial court correctly dismissed the complaint for lack of personal jurisdic-

---

[10] See *State v. Yates*, supra.

tion, we affirm.

1. Under OCGA § 9-10-91 a Georgia court may exercise personal jurisdiction over a nonresident defendant who:

> (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state . . . ; [or] (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed . . . in this state.

A defendant moving to dismiss for lack of personal jurisdiction bears the burden of proving the absence of jurisdiction. *Taeger Enterprises v. Herdlein Technologies,* 213 Ga. App. 740, 744 (1) (445 SE2d 848) (1994). To meet that burden, the

> defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence.

(Citations and punctuation omitted.) Id.
Further,

> [i]f the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of plaintiff. Further, if a motion is decided on the basis of the written submissions, the reviewing court is in an equal position with the trial court to determine the facts and therefore examines the facts under a non-deferential standard.

(Citations and punctuation omitted.) *Southern Electronics Distrib. v. Anderson,* 232 Ga. App. 648 (1) (502 SE2d 257) (1998). Because the case was decided on the written submissions alone, we will resolve any factual disputes in McHale's favor and consider the issues de novo.

Although McHale argues that jurisdiction was proper under OCGA § 9-10-91 (1) because HJGM transacts business in this state, he did not dispute the statements in HJGM's affidavit that it has no office, employees, or agents in Georgia and has never sent any repre-

sentatives here for business purposes. Georgia courts have long held that an out-of-state corporation's placement of advertisements in national publications, acceptance of telephone orders placed from Georgia, and subsequent delivery of goods to this state do not constitute the transaction of business in this state for purposes of long-arm jurisdiction. See *Phears v. Doyne*, 220 Ga. App. 550, 551 (1) (470 SE2d 236) (1996); *Flint v. Gust*, 180 Ga. App. 904, 905-906 (1) (351 SE2d 95) (1986), rev'd in part on other grounds, *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987). We decline McHale's invitation to depart from this well-established precedent.

2. Next, McHale argues that the trial court erred by focusing on the merits of his claim at this stage of the proceeding. We disagree. Because his complaint alleged that HJGM misrepresented the nature of the engine it was sending him and that this fraud suffices to establish personal jurisdiction under OCGA § 9-10-91 (2) or (3) (commits a tort within this state or commits a tortious injury in this state caused by an act or omission outside the state), consideration of these allegations was essential to test McHale's jurisdictional claims.

Here, we find that HJGM's affidavit with the attached invoice of the transaction between the parties was sufficient to establish that HJGM provided the engine McHale had ordered. The relevant part of the affidavit states:

> [McHale] contacted [HJGM], by telephone in Indiana, regarding the purchase of a Rolls Royce Engine [and HJGM] agreed to sell [McHale] a SC I Engine, Engine # BF 618, Head # 3764, for the price of $8,000, plus $2,500 shipping charges to Georgia. This transaction is evidenced by Invoice No. 149588, attached hereto as Exhibit "A."

As McHale's fraud claim is based on his allegation that HJGM promised to send him an engine other than that described in the affidavit and invoice, McHale was required to submit affidavits or documentary evidence rebutting HJGM's evidence. McHale, however, presented no affidavit or other evidence showing either that HJGM promised to sell him a factory rebuilt engine, that HJGM committed a tort in Georgia, or that HJGM committed a tort outside of this state that caused a tortious injury in Georgia. Instead, he merely submitted documents that tended to prove that HJGM had sales to customers in Georgia. That proof, however, was not sufficient to prove either that HJGM transacted business in this state or that it committed a tortious act either here or elsewhere. McHale cannot rely upon the allegations in his unverified complaint to rebut HJGM's evidence. *Taeger Enterprises v. Herdlein Technologies,* supra, 213 Ga. App. at 744.

Moreover, McHale's contention that the trial court improperly converted HJGM's motion to dismiss on jurisdictional grounds to a ruling on the merits of his claim is also without merit. The trial court's order dismissed the case; it did not grant judgment to HJGM.

Further, even if we were to find that the trial court gave too broad a reading to HJGM's affidavit, we would still affirm the trial court because any error would have been harmless. McHale's tactics eliminated both OCGA § 9-10-91 (2) and (3) as grounds for asserting personal jurisdiction in this case. McHale's underlying complaint is that he was fraudulently induced to buy the engine because of HJGM's false promises.

A party claiming he

> was fraudulently induced to enter a contract has two possible remedies: (1) to promptly rescind the contract after discovering the fraud and sue in tort for the recovery of the contract's consideration, as well as any other damages resulting from the fraud; or (2) affirm the contract and sue for damages resulting from the contract.

*Skipper Sams, Inc. v. Roswell-Holcomb Assoc.*, 247 Ga. App. 237, 242 (2) (543 SE2d 765) (2000). Thus, McHale could either promptly rescind the contract after discovering the fraud and sue in tort or affirm the contract and sue for contract damages resulting from the breach of contract.

As HJGM submitted to the trial court a letter from McHale's attorney stating that HJGM had offered "to refund Mr. McHale's money in exchange for the return of the engine, as well as freight both ways," and McHale had refused that offer, McHale rejected rescission as a remedy. Thus, McHale's surviving recourse was to affirm the contract and sue for contract damages. Although available to McHale generally, that remedy would not confer personal jurisdiction over HJGM in the courts of this state because HJGM was not transacting business in Georgia. McHale cannot assert long-arm jurisdiction for his contract claim on grounds that apply only to tort. See OCGA § 9-10-91 (2) or (3); *Gust v. Flint*, supra, 257 Ga. at 129. Consequently we would not reverse the trial court on the grounds asserted by McHale because we will affirm a correct ruling by the trial court if it is right for any reason. *Nat. Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344) (1988).

3. As McHale has not asserted error connected with the dismissal of his claim under the FBPA, OCGA § 10-1-390 et seq., any such claim is waived. *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970). Further, under the facts alleged, it is extremely doubtful that a justiciable FBPA claim existed. *Davis v. Rich's Dept. Stores*, 248 Ga.

App. 116, 118 (1) (545 SE2d 661) (2001); *Chancellor v. Gateway Lincoln-Mercury*, 233 Ga. App. 38, 44 (2) (502 SE2d 799) (1998).

Accordingly, the trial court correctly dismissed McHale's complaint.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 29, 2001.

*Hall, Booth, Smith & Slover, Phillip E. Friduss, Paul R. Koster,* for appellant.
*Reddy & Silvis, Donahue S. Silvis,* for appellee.

