## A05A0730. ALLEN v. CANNON.
(614 SE2d 861)

MIKELL, Judge.

We affirm the summary judgment granted to Thomas G. Cannon ("Cannon") in Gayle Allen's suit filed in 2003, which alleged that Cannon's brother, Dale Cannon, committed sexual offenses against her from December 1993 through 1994. We hold that Allen has presented no evidence from which a jury could find that Cannon was liable for his brother's alleged misconduct.

Allen's complaint, filed pro se, alleges that Dale Cannon committed sexual battery "by means of a full kiss on the mouth without consent . . . which subsequently resulted in mononucleosis, Epstein Bar [sic] Virus and the other symptoms related to infectious diseases . . . which may lie dormant indefinitely in carrier without symptoms being noticed or with random or periodic flare-ups." Allen sought $7 million in compensatory and punitive damages. Allen named as defendants The Cannon Family, The Cannon Group (Company), Tom Cannon, and Dale Cannon. The defendants answered, asserting, inter alia, that The Cannon Family and The Cannon Group (Company) are not legal entities subject to suit and that the complaint was barred by the statute of limitation. In addition, the defendants denied the allegations in the complaint. Allen then filed an amended complaint, alleging that the kiss by Dale Cannon resulted in delayed post-traumatic stress disorder.

On December 16, 2003, Cannon filed an affidavit stating that he is sometimes referred to as Tom Cannon; that there have never been legal entities known as The Cannon Family or The Cannon Group (Company); and that Dale Cannon has never been Cannon's employee, agent, or representative. The defendants filed a motion for summary judgment on March 29, 2004, asserting that the two-year statute of limitation, OCGA § 9-3-33, had expired and that the defendants other than Dale Cannon could not be held liable for his actions under the doctrine of respondeat superior. Allen filed no evidence in response to the defendants' motion. Instead, she filed an amended complaint against Cannon only, alleging that he was liable to her "[f]or allowing a hostile and questionable environment to exist in the workplace, and for failing to claim responsibility for" his brother's alleged sexual misconduct. The trial court granted summary judgment to all defendants, holding that Allen had presented no evidence giving rise to a triable issue. In an amended notice of appeal, and in her brief, Allen specified that she is appealing the order only with respect to defendant Cannon.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine

issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[1]

In the case at bar, Allen has presented no evidence, nor argued any theory, pursuant to which Cannon could be held liable for his brother's alleged sexual misconduct. First, there is no evidence that Cannon employed Dale Cannon. Even if Allen's allegations concerning a "hostile workplace" could be interpreted as alleging that Dale Cannon worked in a family business, those unverified allegations cannot rebut Cannon's affidavit testimony that Dale Cannon has never been his employee, agent, or representative.[2] Second, Cannon could not be held liable under a respondeat superior theory for any alleged sexual battery committed by Dale Cannon even if Cannon had employed him. "[I]t is well settled under Georgia law that an employer is not responsible for the sexual misconduct of an employee."[3] As Allen failed to present evidence giving rise to a triable issue, the

---

[1] (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] See *McHale v. HJGM, Inc.*, 252 Ga. App. 641, 643 (2) (556 SE2d 853) (2001) (unverified complaint cannot rebut affidavit); *Cole v. Jordan*, 161 Ga. App. 409, 410 (2) (288 SE2d 260) (1982) (general allegation of fraud in an unverified amendment to complaint insufficient to contradict defendant's affidavit).

[3] (Citations omitted.) *Alpharetta First United Methodist Church v. Stewart*, 221 Ga. App. 748, 752 (2) (472 SE2d 532) (1996). Accord *B. C. B. Co. v. Troutman*, 200 Ga. App. 671, 672 (1) (409 SE2d 218) (1991) (an employer cannot be liable for an employee's sexual misconduct because such acts do not further the employer's business and are outside the scope of employment); *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 482 (2) (367 SE2d 328) (1988) (employee's sexual misconduct was outside the scope of employment, did not further the employer's business and provided no basis for respondeat superior liability); *Big Brother/Big Sister of Metro Atlanta v. Terrell*, 183 Ga. App. 496, 498 (3) (359 SE2d 241) (1987) (sexual molestation not within the scope of employment and did not further employer's business; hence, no liability under respondeat superior).

trial court correctly granted summary judgment to Cannon.[4]
    *Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 10, 2005 — ▮▮▮▮▮▮▮▮

Gayle Allen, *pro se.*
*Richard L. Stumm*, for appellee.

---

[4] We do not address Allen's assertions that the two-year statute of limitation for actions alleging injuries to the person, OCGA § 9-3-33, was tolled due to her alleged mental and physical incapacity. However, for a discussion of case law on this issue, Allen is directed to *Alpharetta First United Methodist Church*, supra at 751-752 (1).