A05A1232. WHIMSICAL EXPRESSIONS, INC. v. BROWN.
(620 SE2d 635)

ANDREWS, Presiding Judge.

Whimsical Expressions, Inc. (Whimsical), former employer of Edgar Morgan Brown III (Brown), appeals from the trial court's grant of summary judgment to Brown and denial of its motion for summary judgment on Whimsical's breach of contract claim, which was based on Brown's claimed violation of noncompete and nonsolicitation clauses.

1. We consider first the motion to dismiss appeal filed by Brown based on Whimsical's failure to comply with Court of Appeals Rules 1·(a) and 6, requiring proper service on opposing counsel of all filings in this Court. Although counsel for Brown, on May 21, 2004, filed his

notice of change of address with the trial court, the record below reflects that Whimsical's counsel continued to serve Brown's counsel at his old address, including Whimsical's motion for summary judgment. Even though this improper service is one of the bases for Brown's motion for attorney fees pursuant to OCGA § 9-15-14, still pending below, the records of this Court reflect that Whimsical's counsel served its brief to Brown's counsel at the old address.

Although we condemn the failure of Whimsical's counsel to comply with the rules of this Court, which failure may result in dismissal of an appeal, because this is one of the grounds included in Brown's motion for attorney fees, which is subject to appellate review pursuant to OCGA § 5-6-35 (a) (10),[1] we elect, in the interest of judicial economy, to review the merits of this appeal.

2. There were no disputes of material fact and the sole issue presented to the trial court was the validity of the noncompete/nonsolicitation clauses of Brown's employment contract.

Viewing this issue de novo,[2] the facts were that Brown began working for Whimsical, an interior painting company, as a painter. Originally, he worked as an independent contractor and was paid by the day. Brown later became an at-will employee, subject to employee withholding. When Brown first began work for Whimsical, he went to jobsites with other Whimsical workers, was given a paint brush and told to watch what the others were doing and do likewise. Eventually, Brown became a job foreman for Whimsical and began supervising other workers on his crew. Brown was not involved in the business aspect of Whimsical's operation; did not negotiate contracts with customers; was never the first person from Whimsical to meet a customer; was not familiar with Whimsical's pricing criteria; and did not do promotion or advertising for the company.

On or about April 27, 2001, Whimsical required Brown to execute "Restrictive Covenants" as a condition of continuing his employment. The covenant not to compete stated that "Employee agrees not to work as a painter or sales person in the decorative or faux painting business within Fulton, Gwinnett, Cobb and Forsyth Counties, Georgia for a period of two (2) years following termination of Employee's engagement with the Company." The covenant not to solicit provided that

> Employee agrees not to solicit or attempt to solicit any decorative or faux painting business from any clients of the

---

[1] See *Trotter v. Summerour*, 273 Ga. App. 263, 264 (614 SE2d 887) (2005); *Kilgore v. Sheetz*, 268 Ga. App. 761, 770 (2) (603 SE2d 24) (2004).

[2] *Jerry Dickerson Presents, Inc. v. Concert/Southern Chastain Promotions*, 260 Ga. App. 316, 322 (579 SE2d 761) (2003).

Company whose residence or principal place of business is located within Fulton, Gwinnett, Cobb and Forsyth Counties, Georgia with whom Employee had material contact during his or her employment with the Company, for a period of two years (2) following termination of Employee's engagement with the Company. Material contact exists between Employee and a client if the Employee dealt with the client or furnished painting service to the client while working as an employee of the Company within one (1) year prior to the date of Employee's termination of employment with the Company.

Whimsical terminated Brown's employment on March 8, 2002.

Although a number of "factual" statements are made by Whimsical in its brief here and were made in opposition to Brown's motion for summary judgment and in support of its own motion for summary judgment below, they are not supported by affidavits or depositions. In fact, the only deposition contained in the record is that of Brown, and the only affidavits are those of his attorney regarding his fees and Whimsical's attorney in opposition to the fee claim. For most of these factual statements, only the unverified complaint is referenced and this is not evidence. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Allen v. Cannon*, 273 Ga. App. 233, 234 (614 SE2d 861) (2005).

Whimsical's first enumeration is that the trial court erred in finding the covenants unenforceable.

In reviewing the trial court's ruling, we note that "[w]hether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court." *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (422 SE2d 529) (1992). Strict scrutiny is applied in considering whether such restraint in employment contracts is enforceable. *Holsapple v. Smith*, 267 Ga. App. 17, 19 (1) (599 SE2d 28) (2004). On appeal, this Court reviews rulings on questions of law de novo. *Tachdjian v. Phillips*, 256 Ga. App. 166, 168 (568 SE2d 64) (2002).

While a contract in general restraint of trade or which tends to lessen competition is against public policy and is void (1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2), a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of

the public. Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court, which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied.

(Citations and punctuation omitted.) *W. R. Grace & Co.*, supra at 465.

As to the noncompete clause, we conclude that, because it attempted to preclude Brown not only from performing painting services for prior clients, but also from acting as a salesperson in the decorative or faux painting business, it was overly broad. See *Ponders, Inc. v. Norman*, 246 Ga. 647, 648 (272 SE2d 345) (1980); *Dent Wizard Intl. Corp. v. Brown*, 272 Ga. App. 553, 556-557 (1) (612 SE2d 873) (2005); *Northside Hosp. v. McCord*, 245 Ga. App. 245, 247 (1) (537 SE2d 697) (2000). In fact, Whimsical did not employ "sales persons" and there was no evidence produced below that Brown ever acted as one, other than handing out his employer's business cards.

Because "Georgia does not follow the 'blue pencil' doctrine of severability in construing employment contracts," *Dent Wizard Intl. Corp.*, supra at 557 (2), this conclusion alone requires affirmance of the trial court's grant of summary judgment to Brown under the "right-for-any-reason" rule. *Abellera v. Williamson*, 274 Ga. 324, 327 (2) (553 SE2d 806) (2001).

Further, as found by the trial court, although Brown did work for former clients of Whimsical following his termination of employment, he did not solicit those clients, they came to him. Therefore, Whimsical failed to show that Brown improperly solicited clients, even if that clause could be "blue penciled." See *Waldeck v. Curtis 1000*, 261 Ga. App. 590, 592 (583 SE2d 266) (2003).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 8, 2005.

*Thompson, Slagle & Hannan, Jefferson B. Slagle, John D. Alexander*, for appellant.
*Burr & Forman, Bruce H. Beerman*, for appellee.