[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11390
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-00543-ELR

EARNEST MARSALIS, JR.,

Plaintiff - Appellant,

versus

STM READER, LLC,
STM MEDIA, LLC, and
SUN-TIMES MEDIA GROUP, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 23, 2020)

Before MARTIN, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

On August 30, 2001, the Chicago Reader, a weekly newspaper in Chicago, Illinois, reported on a police misconduct lawsuit against then-officer Earnest Marsalis and the City of Chicago.  Nearly seventeen years later, Marsalis, proceeding pro se, sued the Reader and the Chicago Sun-Times in the Northern District of Georgia alleging a variety of state torts.  In response to a motion to dismiss, the district court dismissed the case for lack of personal jurisdiction. Marsalis, still proceeding pro se, then filed an amended lawsuit, alleging some of the same tort claims under state law as well as new constitutional torts and a claim for racial discrimination.[1]  The magistrate judge announced Marsalis's new complaint[2] would be subjected to a frivolity determination under 28 U.S.C. § 1915(e)(2)(B) and, on April 9, 2019, the district court sua sponte dismissed the complaint.  The district court based its dismissal on Marsalis's failure to state a claim under his federal causes of action, his failure to rectify the previously identified defects in personal jurisdiction, and the court's determination that Marsalis's complaint was an impermissible shotgun pleading.  This is Marsalis's appeal.

---

[1] We refer to the first case, No. 18-CV-1555 (N.D. Ga.), as "Marsalis I," and the second case, No. 19-CV-543 (N.D. Ga.), as "Marsalis II".  We also note that at the time of dismissal in Marsalis I, Marsalis was proceeding against the Reader and the Sun-Times; while, in Marsalis II, the defendants are the Reader, the Sun-Times, and Sun-Times Media Group, LLC.  Either way, we refer to the defendants collectively as the "Chicago Newspapers."

[2] For ease, we refer to the complaint filed in Marsalis II as the "complaint."

Following careful review, we affirm the dismissal of Marsalis's complaint and remand with instructions that the district court amend its April 9, 2019 order to state that its dismissal is without prejudice.

## I.

District courts must dismiss an action brought in forma pauperis if the action (i) "is frivolous or malicious" or (ii) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal for frivolity is intended for "indisputably meritless legal theor[ies]" and "those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833 (1989). Sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B), meanwhile, is interpreted conterminously with dismissal under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). We review a sua sponte frivolity dismissal for abuse of discretion and review de novo a sua sponte dismissal for failure to state a claim. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

## II.

### A.

Regardless of whether federal jurisdiction is based on diversity between the parties or the presence of a federal question, the plaintiff bears the burden of establishing that the court's exercise of jurisdiction over the defendant comports

3

with the forum state's long-arm statute.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626–27 (11th Cir. 1996).  Under Georgia law, personal jurisdiction over a nonresident may be established if the defendant (1) transacted business within the state, giving rise to the plaintiff's claim; (2) committed a tortious act within the state; or (3) committed a tortious act outside the state but the defendant regularly does business or derives substantial revenue from goods used or services rendered in the state.  O.C.G.A. § 9-10-91(1)–(3); Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1258–60, 1264 (11th Cir. 2010).  We interpret and apply Georgia's long-arm statute "in the same way as would the Georgia Supreme Court."  Diamond Crystal Brands, 693 F.3d at 1258.

### B.

Marsalis asserts claims for "assault, intentional inflection of emotional distress, misrepresentation, 5th Amend[ment] due process clause v[iol]ation,[] invasion of privacy," and racial discrimination.  These torts were allegedly caused by the Chicago Newspapers' 2001 publication of the Article.  Marsalis does not assert that any of the Chicago Newspapers are Georgia residents.  Instead, Marsalis alleges that jurisdiction is proper because the Chicago Newspapers "used the telephone, Internet, and Emails in order to perpetuate a Fraud, Misrepresentation and other offenses."  The relevant question, then, is whether publication of the

4

Article subjects the Chicago Newspapers to personal jurisdiction in Georgia under any of the bases in the long-arm statute.

It does not. First, Marsalis cannot satisfy subsection (1) because his claims do not arise out of any business transaction in Georgia. Jurisdiction exists on the basis of transacting business in Georgia if "(1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." Amerireach.com, LLC v. Walker, 719 S.E.2d 489, 496 (Ga. 2011) (quotation marks omitted). Without reaching the second and third aspects, we conclude that Marsalis has failed to satisfy this inquiry. This Court has previously stated that the publication of a single news article does not constitute the transaction of business under Georgia's long-arm statute. See Henriquez v. El Pais Q'Hubocali.com, 500 F. App'x 824, 828 (11th Cir. 2012) (per curiam) (unpublished) (citing Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006)). Because Marsalis has not alleged that the Chicago Newspapers have committed any acts or omissions other than the online publication of the Article, his claims cannot proceed under this prong of the long-arm statute.

5

Nor can Marsalis proceed under the second prong of the long-arm statute. Under Georgia law, where a claim is based on a communication sent through the internet or telephone, the conduct "occurs" at the physical place of transmission. See LABMD, Inc. v. Tiversa, Inc., 509 F. App'x 842, 844 (11th Cir. 2013) (per curiam) (unpublished); Huggins v. Boyd, 697 S.E.2d 253, 255 (Ga. Ct. App. 2010). Marsalis does not allege that the Chicago Newspapers published the Article within Georgia. Indeed, the Chicago Newspapers submitted an affidavit to the district court stating that the Reader published the Article in Chicago, Illinois. As a result, Marsalis's claims cannot succeed under subsection (2) because he does not allege the Chicago Newspapers committed any tort within Georgia.

Finally, Marsalis has not established jurisdiction under subsection (3) because he does not allege that the Chicago Newspapers regularly conduct or solicit business in Georgia, or that they have derived substantial revenue from goods used or services rendered in Georgia. See Henriquez, 500 F. App'x at 828–29. Much like with subsection (1), the mere publication of an online article is not enough to satisfy this jurisdictional basis. See id. at 829 (holding that the third prong of the long-arm statute is not satisfied based on "[t]he fact that a particular website displays an advertisement that is viewable in Georgia or shows a company that does business in Georgia" (citing Smith v. Air Ambulance Network, Inc., 427 S.E.2d 305, 305 (Ga. Ct. App. 1993)).

6

Marsalis's only response is to point to <u>Evans v. Chicago Reader</u>, No. 09-CV-368 (CAP) (N.D. Ga. filed Feb. 11, 2009), which he claims shows that personal jurisdiction in Georgia against the <u>Reader</u> has "long been established in previous litigation." Marsalis is mistaken. The <u>Evans</u> court never found that personal jurisdiction against the <u>Reader</u> was proper in Georgia. In fact, the district court never issued any merits decisions in that case: the action was dismissed with prejudice on joint stipulation of the parties while a motion to dismiss was pending. Stipulation for Dismissal with Prejudice, <u>Evans</u>, No. 09-CV-368 (CAP) (N.D. Ga. Mar. 12, 2009) (ECF 9). Even accepting as true Marsalis's allegation that <u>Evans</u> was resolved through "a cash settlement made to the defendant," that is irrelevant because Marsalis's claims have nothing to do with the facts at issue in <u>Evans</u>. <u>Cf. Meetings & Expositions, Inc. v. Tandy Corp.</u>, 490 F.2d 714, 717 (2d Cir. 1974) (stating that a settlement agreement in the action at issue may constitute transaction of business for long-arm statute); <u>Lee v. Hunt</u>, 483 F. Supp. 826, 832 (W.D. La. 1979) ("The negotiation and execution of a settlement agreement constitutes transaction of business and, when that agreement is the subject of a lawsuit, justifies resort to the long-arm statute."), <u>aff'd</u>, 631 F.2d 1171 (5th Cir. 1980). <u>Evans</u> does not establish that the Chicago Newspapers are subject to personal

7

jurisdiction in Georgia.  As a result, the district court did not err in dismissing the complaint in Marsalis II for want of personal jurisdiction.[3]

### III.

Although the district court dismissed the complaint in Marsalis II with prejudice, we will remand with instructions that the district court amend its April 9, 2019 order to state that its dismissal is without prejudice.  This is necessary for several reasons.

First, a dismissal on jurisdictional grounds, as opposed to a merits dismissal, cannot form the basis for a dismissal with prejudice.  See Republic of Panama v. BCCI Holdings (Lux.) S.A., 119 F.3d 935, 940 (11th Cir. 1997) (citing Madara v. Hall, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990)).

Second, while the district court's dismissal order did reach the merits of the claims in the complaint, this was error because "[a] defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings."  Id.  In other words,

---

[3] Although no party raised this issue, we note that district courts may not normally sua sponte dismiss a complaint for lack of personal jurisdiction "without first giving the parties an opportunity to present their views on the issue."  Lipofsky v. N.Y. State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988).  However, Lipofsky did not limit the district court here.  The Chicago Newspapers already objected to the complaint in Marsalis I on grounds of personal jurisdiction.  There is no reason to expect they would have waived this defense when faced with an amended complaint with nearly identical jurisdictional allegations (and, by that same token, defects).  Furthermore, the Chicago Newspapers had the chance to litigate the issue of personal jurisdiction in Marsalis II through this appeal.  It is plain from their briefing—which urges affirmance of the district court's jurisdictional ruling—that they do not wish to waive this defense.  These facts lead us to conclude that Lipofsky did not prevent the district court from sua sponte dismissing the complaint in Marsalis II on jurisdictional grounds.

once the district court concluded that personal jurisdiction over the Chicago Newspapers was improper in this forum, it should have ended its analysis rather than reach the merits of Marsalis's claims.  See Madara, 916 F.2d at 1514.  While courts can "bypass the issue of personal jurisdiction if a decision on the merits would favor the party challenging jurisdiction and the jurisdictional issue is difficult," Panama, 119 F.3d at 941, such a step would be improper in this case given the relative ease of the jurisdictional issue.  And given the relative ease of the jurisdictional issue, we too need not, and do not, reach any merits issues.

## IV.

For these reasons, we **AFFIRM** the district court's dismissal of the complaint in Marsalis II for lack of personal jurisdiction.  We **REMAND** the case to the district court for the limited purpose of amending its order to state that the dismissal is without prejudice.